1  **Thimesch Law Offices**
   TIMOTHY S. THIMESCH, Esq. (No. 148213)
2  158 Hilltop Crescent
   Walnut Creek, CA 94576-3452
3  Direct: (925) 588-0401
   Facsimile: (888) 210-8868
4  tim@thimeschlaw.com

5  Attorneys for Plaintiff HOLLYNN D'LIL

6

7

8                UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF CALIFORNIA
9

10 HOLLYNN D'LIL,                      CASE NO. _____
                                       Civil Rights
11          Plaintiff,

12 v.                                  **COMPLAINT FOR INJUNCTIVE &
                                       DECLARATORY RELIEF AND
13 RIVERBOAT DELTA KING, INC.;         DAMAGES:** DENIAL OF CIVIL
   CITY OF SACRAMENTO; OLD             RIGHTS OF A DISABLED PERSON IN
14 SACRAMENTO BUSINESS                 VIOLATION OF THE AMERICANS
   ASSOCIATION, INC.; and DOES 1       WITH DISABILITIES ACT OF 1990,
15 through 50, Inclusive,              AND CALIFORNIA'S DISABLED
                                       RIGHTS STATUTES
16          Defendants.
                                       **DEMAND FOR JURY TRIAL**
17
                                       [Proper Intradistrict
18                                     Assignment Under Civil L.R.
                                       § 3-120: Sacramento]
19 _____ /

20

21 ////

22 ////

23 ////

24

25

26

27

28

**Complaint for Injunctive Relief and Damages**

1

## **TABLE OF CONTENTS**

2  Introduction ..................................................... 1

3  Jurisdiction and Venue ......................................... 4

4  Parties ........................................................ 8

5  Factual Allegations ............................................ 8

6  Article III Standing .......................................... 12

7  Causes of Action

8  I.   Title II of the ADA ....................................... 15

9  II.  Section 504 of the Rehabilitation Act of 1973 ............ 18

10  III. Title III of the ADA ..................................... 20

11  IV.  Denial of Access Under Calif. Statutory Protections ...... 27

12  V.   Government Code §§4450, et seq. .......................... 33

13  VI.  Disabled Rights Act ...................................... 35

14  VII. Disabled Rights Act for Violation of the ADA ............. 39

15  VIII. Unruh Civil Rights Act for Violation of the ADA ......... 40

16  IX.  Government Code §11135 .................................... 41

17  X.   Government Code §112948 .................................. 42

18  XI.  Negligence and Negligence Per Se ........................ 43

19  XII. Declaratory Relief ...................................... 44

20  Prayer for Relief ............................................. 45

21  **Exhibit 1** – Barrier Conditions

22    a.  Passenger Loading, Valet, Parking and Path of

23        Travel from Street ............................... – 1 –

24    b.  Registration Lobby ................................. – 3 –

25    c.  Absence of Guestroom Equipped With Roll-in Shower ... – 4 –

26    d.  Designated Accessible Guestroom 320 ................ – 4 –

27    e.  Designated Accessible Guestroom 321 ................ – 13 –

28    f.  Delta King Pilothouse Restaurant ................... – 16 –

*Thimesch Law Offices*
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**    — ii —

g.   First Floor Facilities ............................. - 18 -

h.   Second Floor Facilities ............................ - 18 -

i.   Third & Fourth Facilities and Other ................ - 34 -

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

1       Plaintiff HOLLYNN D'LIL, on behalf of herself and all other

2  similarly situated disabled persons, hereby complains of

3  Defendants RIVERBOAT DELTA KING, INC., a California domestic

4  corporation doing business as the "Delta King Hotel," "Delta

5  King Pilothouse Restaurant," and "Delta King Theater" (hereafter

6  collectively referred to as the "Delta King Hotel," "Hotel," or

7  "hotel"); CITY OF SACRAMENTO; OLD SACRAMENTO BUSINESS

8  ASSOCIATION; OLD SACRAMENTO BUSINESS ASSOCIATION, INC., a

9  California Corporation, who is joined as an indispensible party

10  under Fed. Rules Civil Proc., Rule 19; and DOES 1 through 50,

11  Inclusive (hereafter "Defendants"), and demands a trial by jury,

12  and alleges as follows:

13

14  **INTRODUCTION**

15       1.  Plaintiff HolLynn D'Lil is a person with

16  permanent physical disabilities.  She cannot walk or stand.

17  Because of paraplegia, her condition requires the full-time

18  use of a wheelchair for mobility.  This often causes fatigue,

19  physically and mechanically, when encountering and attempting

20  to use facilities that fail to meet the literal requirements

21  of the code for new construction and/or altered facilities.

22  Also, because of her seated position and reach range

23  limitations, she also has some difficulty performing actions

24  that require grasping, pinching or twisting of the wrist, or

25  require her to reach outside the code-compliant heights for

26  accessing controls, etc.

27       2.  Plaintiff files suit against the owners and

28  operators of the Delta King and its various businesses.  Her

**Complaint for Injunctive Relief and Damages**        — 1 —

1   goal in this suit is a positive one: to achieve meaningful

2   disabled access to this land-tethered and regulated facility,

3   and for all persons alike regardless of their physical

4   condition.

5        3.   Despite major reconfigurations of space and

6   remodeling starting in 1984, which is during the regulatory

7   period for Title 24, and, on information and belief, other

8   remodeling that has occurred during the statutory period, this

9   property completely fails to meet its full obligations under

10  California's Disabled Rights Act, and fails as well to meet its

11  more modern obligations occurring since 1990 under the Americans

12  With Disabilities Act.  The configuration of the hotel's valet,

13  passenger loading, and parking area, the connecting path of

14  travel from the valet, passenger loading, and parking to the

15  main entrance ramp, the slopes of the ramped paths of travel to

16  the separate main entrances, the lobby and registration counter,

17  the restaurant's dining room, the bar and bar counter, the

18  public restrooms, the theater, the conference rooms, the sales

19  office, the public telephones, the absence of vertical means of

20  access to the upper decks, and, most humiliatingly, the two

21  designated "accessible" guestrooms, each deny basic access to

22  persons with disabilities using wheelchairs. These and other

23  facilities at the hotel (hereafter, all such facilities shall be

24  referred to collectively as **"Delta King"** or **"hotel"**) all fail to

25  provide the "full and equal" access required by Title III of the

26  Americans With Disabilities Act of 1990, the California Disabled

27  Rights Acts (sections 54 and 54.1ff Civil Code), and Title 24 of

28  the California Code of Regulations (now known as the California

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 2 —

1   Building Code).  As a result, Plaintiff, who visited the hotel

2   and attempted to hire an accessible room on or about March 24,

3   2011, encountered the barriers listed below in paragraph 20, or

4   has knowledge of such barriers, and has been continuously denied

5   access and/or deterred from revisiting the hotel during the two

6   years preceding the filing of this complaint, suffered violation

7   of her Civil Rights to full and equal access, suffered a denial

8   of her right to due process, was embarrassed and humiliated, and

9   suffered statutory and general damages.  Plaintiff seeks

10  injunctive and injunctive relief requiring provision of access

11  under the Americans with Disabilities Act of 1990 at section

12  308(a); and injunctive relief for "full and equal access" under

13  California law; and statutory damages for Plaintiff under

14  California law.

15      4.  Plaintiff additionally brings suit against

16  Defendants CITY OF SACRAMENTO; and DOES 1 through 10; for those

17  portions of the foregoing facility which, on information and

18  belief, are owned and maintained by the City or its

19  redevelopment agency, including the valet and passenger loading

20  area, the parking area, the connecting boardwalk area between

21  the valet area and the ramped path of travel leading to the

22  Delta King, the elevator tower leading to the sloped lower

23  loading docks serving the Delta King, Hornblower Yachts, the

24  latter docks, and other portions of the property unknown at the

25  present time.

26      5.  Under Federal Rules of Civil Procedure, Rule 19,

27  Plaintiff joins in intervention Defendants OLD SACRAMENTO

28  BUSINESS ASSOCIATION, INC. (OSBA), which, on information and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 3 —

1  belief, is so situated as a practical matter as to impair the

2  effectiveness of relief that may be granted to the parties who

3  are present.

4

5  **JURISDICTION AND VENUE**

6      6.  This Court has jurisdiction of this action

7  pursuant to 28 U.S.C. 1331 for violations of the Americans with

8  Disabilities Act of 1990, 42 U.S.C. 12101, et seq.  Pursuant to

9  pendant jurisdiction, attendant and related causes of action,

10  arising from the same facts, are also brought under California

11  law, including but not limited to violations of California

12  Health & Safety Code Sections 19955 *et seq.*, including Section

13  19959; Title 24 California Code of Regulations; and California

14  Civil Code Sections 54 and 54.1 *et seq.*

15      7.  Venue is proper in this court pursuant to

16  28 U.S.C. 1391(b) and is founded on the fact that the real

17  property which is the subject of this action is located in this

18  district and that Plaintiff's causes of action arose in this

19  district.

20      8.  **Intradistrict Jurisdiction.**  Under Local Rule

21  3-120, this case should be assigned to the Sacramento

22  intradistrict as the real property that is the subject of this

23  action is located in the Sacramento intradistrict and

24  Plaintiff's causes of action arose in the Sacramento

25  intradistrict (a property located in Sacramento).

26

27  **PARTIES**

28      9.  At all times relevant to this complaint,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages — 4 —

1  qualified as a "person with a disability," as this term is used
2  under California law and under federal laws including but not
3  limited to Title III of the Americans with Disabilities Act of
4  1990.  She requires the use of a wheelchair for traveling about
5  in public places.

6      10.  At all times relevant herein, Defendants
7  RIVERBOAT DELTA KING, INC.; CITY OF SACRAMENTO; and DOES 1
8  through 50, Inclusive, were and/or are the controlling public
9  entities, or the current, future or prospective owners and
10 operators, lessors and/or lessees of public facilities, and
11 subject to the requirements of California State law requiring
12 full and equal access to public facilities pursuant to Sections
13 4450 et seq. Government Code; Sections 19955-19959 of the Health
14 & Safety Code; Sections 54.1 and 54.3 Civil Code; and subject to
15 Title III of the Americans With Disabilities Act of 1990, and to
16 all other legal requirements referred to in this complaint.
17 Plaintiff does not know the relative responsibilities of
18 Defendants in the ownership, control, and operation of the
19 facilities herein complained of, and alleges a joint venture and
20 common enterprise by all such Defendants.

21     11.  Plaintiff is informed and believes that each of
22 the Defendants herein, including RIVERBOAT DELTA KING, INC.;
23 CITY OF SACRAMENTO; and DOES 1 through 50, Inclusive, is the
24 joint authority, independent governmental body, controlling
25 public entity, owner, constructive owner, beneficial owner,
26 trust, trustee, agent, ostensible agent, alter ego, master,
27 servant, employer, employee, representative, franchiser,
28 franchisee, joint venturer, partner, associate, parent company,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**　　　　— 5 —

subsidiary, board, commission, department, or other governmental agency, representative, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as a joint authority, independent governmental body, controlling public entity, owner, constructive owner, beneficial owner, agent, trust, trustee, ostensible agent, alter ego, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, associate, parent company, subsidiary, board, commission, department, or other governmental agency, representative, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other Defendants, and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other Defendant, as herein described.  Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants RIVERBOAT DELTA KING, INC.; CITY OF SACRAMENTO; and DOES 1 through 50, Inclusive, Inclusive, are ascertained.

12.  Plaintiff is complying with applicable government claims procedures relative to the portion of her state law claims of discrimination seeking compensatory damages. Concurrently with this Complaint, she is serving government claim on the interested respondents, which will be formally rejected by operation of law on October 7, 2011.  Through this

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

1  Complaint and its state causes of action seeking damages,

2  Plaintiff will automatically seek damages from the CITY OF

3  SACRAMENTO at that time.

4      13.  On information and belief, Defendants CITY OF

5  SACRAMENTO; DOES 1 through 10, Inclusive (hereafter also

6  referred to as **"Governmental Entity Defendants"**), routinely and

7  automatically reject claims alleging damage due to disabled

8  access discrimination, such as the claims presented by the

9  Plaintiff in this case.  Further, because Plaintiff is deterred

10  from making use of the Delta King on sustained basis, including

11  through defendants' discriminatory policies, the claims

12  presented here allege continuous and ongoing discrimination.

13  Plaintiff's and the complaints of others, both written and oral,

14  have been largely ignored.  Plaintiff alleges that it would be a

15  futile gesture to file further government claims relating to her

16  continuous incidence of discrimination and deterrence, which are

17  certain to occur on regular basis following the filing of this

18  Complaint.  Therefore, Plaintiff reserves, and will seek to

19  supplement her complaint at time of trial as to her subsequent

20  use of the Delta King, or deterrence therefrom, according to

21  proof.

22      14.  As used herein, **"Private Entity Defendants"** means

23  any Defendant herein who is not a Government Entity Defendant,

24  but excluding those joined under Rule 19.  This includes

25  RIVERBOAT DELTA KING, INC., and DOES 16-50, plus any

26  **Governmental Entity Defendant** found to have acted as a private,

27  for-profit entity or whose actions are in violation of codes

28  protecting the rights of persons with disabilities to access

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 7 —

1    public accommodations.

2         15.   Finally, under Federal Rules of Civil Procedure,

3    Rule 19, Plaintiff joins in intervention Defendants OLD

4    SACRAMENTO BUSINESS ASSOCIATION, INC. (OSBA), and DOES 11

5    through 15.   Plaintiff has no direct claim against this entity

6    and the DOES, and as a practical matter, they will not

7    materially participate for most of the proceedings.   However, on

8    information and belief, this entity and the DOES, through their

9    work with, and on behalf of, the City, assert sufficient

10   decisional and administrative control over the design of Old

11   Town facilities, including those at issue in this case, and are

12   otherwise so situated as a practical matter as to impair the

13   effectiveness of relief that may be granted to the parties who

14   are present.   Plaintiff expects that after OSBA's entry into the

15   case, the Court will realign its procedural standing according

16   to its interests.

17

18   **FACTUAL ALLEGATIONS**

19         16.   At all times relevant Defendants were and/or are

20   the owners and operators, lessors and/or lessees of the Delta

21   King and its attendant businesses and facilities, or portions

22   thereof, located at or near 1000 Front Street, Sacramento,

23   California.

24         17.   Further, the subject hotel and its attendant

25   facilities are each a "public accommodation or facility" subject

26   to the requirements of Government Code sections 4450 et seq.,

27   Health & Safety Code Section 19955-19959, and of the California

28   Civil Code sections 51, 54, 54.1, and 54.3.   On information and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                — 8 —

1    belief, each such facility has, since July 1, 1970, undergone

2    unfinished "new construction," and/or "alterations, structural

3    repairs, and additions," each of which has subjected the subject

4    restaurant and its public facilities to state disabled access

5    requirements per section 19959 Health and Safety Code, and since

6    July 1, 1982, per provisions of Title 24 of the California Code

7    of Regulations.

8         18.   On information and belief, in approximately 1984,

9    Defendants began the conversion of the inoperable riverboat to a

10   land-based facility permanently berthed and attached to a pier

11   on Sacramento River's waterfront.

12        19.   On substantial information and belief, the

13   subject Delta King is inoperable as a vessel, and is regularly

14   inspected regulated like all other normal structures and

15   business in the city and county.   For instance, the hotel has

16   been assigned a parcel number and the County's Department

17   Environmental Management Department has full regulatory

18   authority over the restaurant.

19        20.   **BARRIER CONDITIONS.** As set forth in the prayer,

20   Plaintiff seeks damages for both her encounter of specific

21   barriers at the hotel and for being deterred from returning to

22   the Delta King on specific occasions.   The barriers are

23   pervasive and exclude full and equal access by wheelchair users

24   and persons with reach limitations.   They include those listed

25   at **Exhibit 1**, which are hereby incorporated by reference into

26   the Complaint at this paragraph, and as if fully restated word

27   for word, hereafter.

28        21.   On information and belief, these and other

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

1  barriers exist at the hotel.  The accessibility of these

2  facilities, and those mentioned in the preceding paragraph,

3  particularly the entrances and guestrooms, cannot be evaluated

4  and verified without a formal inspection opportunity to take

5  required measurements.  Plaintiff will seek leave to amend the

6  Complaint after the formal inspection to include any new

7  barriers discovered by way of measurement.

8       22.  On the date of the filing of this complaint,

9  Plaintiff has distinct knowledge of each and all of these

10  barriers, has already encountered most of them on the date of

11  her visit, and on other specific occasions felt deterred from

12  returning to the hotel by her knowledge of these and other

13  barriers discovered by her legal representatives, and was thus

14  actually and imminently thereby injured by their existence.

15  She desires to return to the hotel during her personal and

16  business trips to the Sacramento area, but is deterred from

17  doing so by the Hotel's present barrier conditions, which will

18  affect her full and equal enjoyment, and will otherwise expose

19  her to the risk of harm.

20       23.  Plaintiff has complained both orally and in

21  writing to Defendants, and, on information and belief

22  Defendants have knowledge, or received notice, of Plaintiff's

23  complaints and the inability of wheelchair users like

24  Plaintiff to use facilities at the subject Delta King Hotel.

25  Despite knowledge of the access problems, and complaints from

26  other disabled patrons, and the passage of extended time since

27  Plaintiff and other disabled persons first provided notice of

28  these deficiencies, Defendants have failed to investigate

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

1    these problems, and have failed to take the necessary action

2    to provide legally required access features to allow "full and

3    equal" use of the premises by physically disabled persons.

4         24.   The removal of all such barriers was required

5    by Title III of the ADA, section 302 and/or section 303 of the

6    ADA.

7         25.   On information and belief, as a result of all

8    Defendants' above stated acts and omissions, Plaintiff

9    suffered loss of her Civil Rights, suffered physical stress,

10   strain and exhaustion in attempting to negotiate barriers at

11   the subject Delta King Hotel, suffered physical pain and

12   discomfort, and other physical, psychological, and emotional

13   damages, pain and suffering, all to her damages.

14        26.   Moreover, Plaintiff and other similarly

15   situated disabled persons will continue to be damaged on a

16   daily basis as long as Defendants fail to provide proper

17   disabled access in the respects complained of, as they will

18   either be discouraged from using subject Delta King Hotel, or

19   would make the visit despite the obstacles to access they

20   would have to encounter, and suffer additional discriminatory

21   experiences.

22        27.   Plaintiff has no adequate remedy at law as to

23   the recurring damages facing her each time she returns to

24   these inaccessible facilities.  Unless the relief requested

25   herein is granted, Plaintiff and many other physically

26   disabled persons will each suffer irreparable harm in that

27   their fundamental right to accessible public facilities while

28   patronizing the subject Delta King Hotel will be denied and

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 11 —

1  abridged.

2

3  **ARTICLE III STANDING**

4          28.   Because of the Delta King's construction and

5  alteration history, and its pervasive and major architectural

6  barriers to disabled access, it is in substantial violation of

7  the state and federal codes protecting disabled access, and

8  has violated Plaintiff's Civil Rights.   As described herein,

9  the Delta King's barriers serve to interrupt, inhibit or

10  prevent the normal disabled wheelchair user, such as

11  Plaintiff, from using the accessible route, normal paths of

12  travel, and nearly all of the hotel's facilities and

13  amenities, thereby denying Plaintiff her basic right to the

14  full and equal access as guaranteed by statute.

15          29.   The barriers are pervasive and encompass the

16  entire hotel and its connecting path of travel to the street-

17  side passenger loading area.   These areas include, but are not

18  limited to, the paths of travel and designated accessible

19  routes, passenger loading areas, parking and valet areas,

20  entrances, ramps, and exits, dining tables, bars, restaurants,

21  registration, service and transaction counters, public and

22  house telephones, public restrooms, conference rooms, and,

23  most humiliatingly, the hotel's guestrooms.   As a result,

24  Plaintiff HOLLYNN D'LIL, who, within the last two years,

25  registered and attempted to stay at the hotel as a paying

26  guest, made use of its facilities, and was forced to leave

27  upon learning her guestroom was completely inaccessible and

28  unusable.   The specific barriers she encountered caused

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 12 —

substantial violation of her civil rights.  As the statutorily prescribed remedy, she seeks an injunction requiring Defendants to reconstruct their facilities and remove the specific identified barriers herein that inhibit her access as a partially paralyzed wheelchair user.  She additionally seeks reasonable statutory damages, including minimum damages per violation encountered, and per incidence of deterred return, and/or actual damages, as well as an award of reasonable statutory attorney's fees, litigation expenses and costs, including any available enhancement.

30.  Plaintiff has both Article III and prudential standing to seek the specific barrier removals identified herein affecting Plaintiff's wheelchair access, and her diminished ability to grasp objects and controls in a normal manner:  within the last two years she suffered the architectural barrier and policy discrimination described herein; she has affinity and exposure to the area since she regularly returns to downtown Sacramento on a regular basis to visit her friends; she raised her family in Sacramento and has many business and personal ties in the area; she regularly participates in politics in Sacramento; she likes the Delta King's location and proximity to other Old Town restaurants, shopping and attractions, which are convenient to her needs; she likes the ambiance, design and amenities of the Delta King; she is aware the specific encountered-barriers that discriminatorily affect her mobility and grasping disabilities; she recently had the hotel inspected by legal representatives, and she is thereby aware about the existence

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

and details of these and other barriers that continue to exist and affect her wheelchair use; she has, by this knowledge, been deterred from making a reservation to return and stay as a paying guest; she is likely to be deterred in the near and foreseeable future by the continued existence of these barriers, i.e., during her regular visits to the area; the removal of the barriers will enable her to use the hotel on a full and equal basis; she currently desires to, and will likely, return and stay at the hotel when these barriers are removed; she is knowledgeable as to her civil rights and the requirements of the code; she has bothered to make herself aware of the hotel's construction and alteration history triggering the obligation to provide disabled access; she has invested substantial money and time to research and determine the hotel's obligations; and she promises to protect and enforce fully the Public Interest ahead of the personalized interests she has in this suit.

31. Plaintiff has an injury that is, and will continue to be, redressable. She will benefit from an injunction requiring those of the Defendants that continue to operate the hotel, to remove the specified barriers. Such relief will immediately provide her the desired opportunity to return and stay at the hotel as a paying guest, and she is likely to do so on her next trip to the area thereafter, i.e., because of her affinity, desire and general need for lodging in Sacramento.

////

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

1     **FIRST CAUSE OF ACTION:**

2     **DISCRIMINATION IN VIOLATION OF TITLE II**

3     **OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

4     **(Against Governmental Entity Defendants)**

5          32.  Plaintiff repleads and incorporates by reference,

6     as if fully set forth again herein, the factual allegations

7     contained in paragraphs 1 through 31 of this complaint and

8     incorporate them herein as if separately repled.

9          33.  At all times herein mentioned, Plaintiff was

10    entitled to the protections of the "Public Services" provisions

11    of Title II of the Americans With Disabilities Act of 1990

12    (hereinafter referred to alternatively as the "ADA").  Pursuant

13    to 42 U.S.C. section 12132, section 202 of Title II, no

14    qualified individual with a disability shall, by reason of such

15    disability, be excluded from participation in or be denied the

16    benefits of the services, programs or activities of a public

17    entity, or be subjected to discrimination by any such entity.

18    Governmental Entity Defendants were and are such public entities

19    or agents who implemented the services for such agencies.

20         34.  Plaintiff was at all times relevant herein a

21    qualified individual with a disability for all purposes under

22    the ADA.

23         35.  Under Title II, governmental entities were

24    required by the compliance deadline of January 26, 1992 to

25    perform a self-evaluation and implement a "transition plan,"

26    either bringing their facilities into compliance with the ADA

27    accessibility guidelines or altering their programs to

28    compensate for the accessibility deficiencies discovered in the

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                — 15 —

1   ADA self-evaluation process.  The failure to have or implement a

2   full transition plan taking into account this facility as a

3   government service is an evidentiary factor that the Court may

4   evaluate in determining whether Governmental Entity Defendants

5   have met their Title II obligations.  For trial and/or appellate

6   purposes in this case, Plaintiff additionally challenge various

7   Court precedents finding disabled citizens lack a cause of

8   action against the failure of a government entity to have or

9   implement a transition plan.

10       36.  Removal of barriers and provision of access is

11   further required under section 504 of the Rehabilitation Act of

12   1973 for all recipients of federal financial assistance used to

13   fund the operations of the Subject Delta King and its other

14   facilities, and under section 11135 Government Code for the

15   receipt of similar state funding.

16       37.  The Governmental Defendant have failed, in

17   violation of Title II, to ensure that individuals with physical

18   disabilities, such as Plaintiff, are not excluded from services,

19   programs and activities at the subject Delta King, including

20   those specified in paragraphs 20 through 21.

21       38.  As a result of such discrimination, in violation

22   of section 202 of the ADA, Plaintiff is entitled to the

23   remedies, procedures and rights set forth in section 505 of the

24   Rehabilitation Act of 1973 (29 U.S.C. §794a), as provided by

25   section 203 of the ADA, including injunctive relief and damages

26   for violation of their Civil Rights, as previously plead.

27       39.  On information and belief, to the date of filing

28   of the original complaint, the Governmental Entity Defendants

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**          — 16 —

1  have failed to make any of their facilities complained of and

2  described herein properly accessible to and usable by physically

3  disabled persons, as required by law.

4      40.  Plaintiff requests appropriate damages according

5  to proof for their complained of experiences for the two year

6  period preceding the filing of this complaint, as well as

7  litigation expenses and costs, and reasonable attorneys' fees as

8  provided by law.

9      41.  Plaintiff is further informed and believes that

10  during the applicable statutory periods the named Governmental

11  Entity Defendants and each of them have been made aware orally,

12  in writing, and through the media and governmental sources of

13  the inaccessibility of their public facility/business to

14  disabled persons, such as Plaintiff, and other persons with

15  disabilities similarly situated, and of the federal and state

16  legal obligations of owners and operators of public facilities

17  to make their facilities accessible to disabled persons.

18  Despite being informed of such effect on disabled persons and

19  the manner in which their practices and lack of accessible

20  facilities were continuing to discriminate against disabled

21  persons on a regular basis, said Governmental Entity Defendants

22  and each of them knowingly and willfully failed and refused to

23  take proper steps to rectify this situation and to provide full

24  and equal access for disabled persons to each public facility

25  referred to herein.

26      42.  Plaintiff requests that an injunction be ordered

27  requiring that Governmental Entity Defendants make all such

28  facilities herein described, accessible to and usable by

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                — 17 —

1   disabled persons, and instruct all employees as to proper

2   policies to facilitate access, and set up practices and

3   procedures to ensure that no disabled person who is mobility

4   impaired is denied the use of the aforementioned facilities that

5   are open to the general public, and that all such facilities be

6   made "accessible to and usable by" physically disabled persons.

7          WHEREFORE, Plaintiff prays that this Court grant

8   relief as requested hereinbelow.

9

10                    **SECOND CAUSE OF ACTION:**

11       **VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973**

12              **(Against Governmental Entity Defendants)**

13          43. Plaintiff repleads and incorporates by reference,

14   as if fully set forth again herein, the factual allegations

15   contained in paragraphs 1 through 42 of this complaint and

16   incorporate them herein as if separately repled.

17          44. Plaintiff is informed and believes and therefore

18   alleges that certain Governmental Entity Defendants are now, or

19   have been in the past at times relevant to this Complaint,

20   recipients of federal financial assistance and that part of that

21   financial assistance is used or has been used to fund the

22   operations of some or all of the specific buildings and

23   facilities described herein, and the activities which take place

24   therein, or such Defendants lease, or operate upon, facilities

25   that have been subject to receipt of financial assistance.

26          45. By their actions and/or inactions in denying

27   disabled accessible facilities at the facilities and buildings

28   specified, Governmental Entity Defendants have violated

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 18 —

1   Plaintiff's rights under section 504 of the Rehabilitation Act

2   of 1973, 29 U.S.C. §794, and the regulations promulgated

3   thereunder, the Uniform Federal Accessibility Standards

4   ("UFAS").

5          46. By their actions or inactions in denying

6   Plaintiff her rights to have the same access to the same

7   programs, activities and environment as non-disabled persons,

8   and by otherwise discriminating against Plaintiff solely by

9   reason of her physical disabilities, Governmental Entity

10  Defendants and each of them have violated Plaintiff's rights

11  under section 504 of the Rehabilitation Act of 1973 and the

12  regulations promulgated thereunder. Plaintiff seeks damages for

13  the ongoing and continuous denial of her Civil Rights for each

14  date of use the Subject Delta King, or the specific dates she

15  was deterred (preceding back to two years before the filing of

16  this Complaint) to the time of trial or remediation, and for

17  physical, mental and emotional injury, all to her damages

18  according to proof. Further, Plaintiff seeks injunctive relief

19  requesting that the Court order Governmental Entity Defendants

20  to correct the access deficiencies complained of herein so that

21  Plaintiff, and other similarly situated users of the subject

22  Delta King, will not continue to be discriminated against.

23         47. Plaintiff has no adequate remedy at law as to

24  facing the recurring damages facing her each time that she

25  returns to these inaccessible facilities, and unless the relief

26  requested herein is granted, Plaintiff and other disabled

27  persons will each suffer irreparable injury by the deprivation

28  of access to the specified public facilities operated by

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 19 —

1   Defendants.

2          WHEREFORE, Plaintiff prays that the Court grant relief

3   as requested hereinbelow.

4

5                    **THIRD CAUSE OF ACTION:**

6                    **VIOLATIONS OF TITLE III**

7          **AMERICANS WITH DISABILITIES ACT OF 1990**

8                    **42 USC §§ 12101ff**

9      **(Against Private Defendants and Any Governmental Entity**

10   **Defendant Found to Have Acted as a Private For-Profit Entity**

11          **Whose Actions are in Violation of Title III)**

12          48.  Plaintiff repleads and incorporates, as if fully

13   set forth again herein, the factual allegations contained in

14   paragraphs 1 through 47, above.

15          49.  Pursuant to law, in 1990 the United States

16   Congress made findings per 42 U.S.C. Section 12101 regarding

17   physically disabled persons, finding that laws were needed to

18   more fully protect "some 43 million Americans with one or more

19   physical or mental disabilities;" that "historically society has

20   tended to isolate and segregate individuals with disabilities;"

21   that "such forms of discrimination against individuals with

22   disabilities continue to be a serious and pervasive social

23   problem;" that "the Nation's proper goals regarding individuals

24   with disabilities are to assure equality of opportunity, full

25   participation, independent living and economic self sufficiency

26   for such individuals;" and that "the continuing existence of

27   unfair and unnecessary discrimination and prejudice denies

28   people with disabilities the opportunity to compete on an equal

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 20 —

1  basis and to pursue those opportunities for which our free

2  society is justifiably famous..."

3       50. Congress stated as its purpose in passing the

4  Americans with Disabilities Act (42 USC § 12101(b)):

5       It is the purpose of this act —

6       (1) to provide a clear and comprehensive

7       national mandate for the elimination of

8       discrimination against individuals with

9       disabilities;

10      (2) to provide clear, strong, consistent,

11      enforceable standards addressing discrimination

12      against individuals with disabilities;

13      (3) to ensure that the Federal government plays

14      a central role in enforcing the standards

15      established in this act on behalf of individuals

16      with disabilities; and

17      (4) to invoke the sweep of Congressional

18      authority, including the power to enforce the 14th

19      Amendment and to regulate commerce, in order to

20      address the major areas of discrimination faced day

21      to day by people with disabilities. (Emphasis

22      added)

23      51. As part of the Americans with Disabilities Act,

24  Public Law 101-336, (hereinafter the "ADA"), Congress passed

25  "Title III - Public Accommodations and Services Operated by

26  Private Entities" (42 U.S.C 12181ff). The nature of the subject

27  hotel is among the "private entities" which are considered

28  "public accommodations" and "commercial facilities."

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 21 —

52.   Pursuant to Section 302 [42 U.S.C 12182], "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

53.   Among the general prohibitions of discrimination included in Section 302(b)(1)(A) are the following:

§ 302(b)(1)(A)(i): "DENIAL OF PARTICIPATION. — It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."

§ 302(b)(1)(A)(ii): "PARTICIPATION IN UNEQUAL BENEFIT — It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                          — 22 —

1  individuals."

2   § 302(b)(1)(A)(iii): "SEPARATE BENEFIT. — It

3  shall be discriminatory to provide an individual or

4  class of individuals, on the basis of a disability

5  or disabilities of such individual or class,

6  directly, or through contractual, licensing, or

7  other arrangements with a good, service, facility,

8  privilege, advantage, or accommodation that is

9  different or separate from that provided to other

10  individuals, unless such action is necessary to

11  provide the individual or class of individuals with

12  a good, service, facility, privilege, advantage, or

13  accommodation, or other opportunity that is as

14  effective as that provided to others."

15   54. Among the specific prohibitions against

16 discrimination in the ADA include the following:

17   § 302(b)(2)(A)(ii): "A failure to make

18  reasonable modifications in policies, practices or

19  procedures when such modifications are necessary to

20  afford such goods, services, facilities, privileges,

21  advantages or accommodations to individuals with

22  disabilities..."

23   § 302(b)(2)(A)(iii): "A failure to take such

24  steps as may be necessary to ensure that no

25  individual with a disability is excluded, denied

26  services, segregated or otherwise treated differently

27  than other individuals because of the absence of

28  auxiliary aids and services, unless the entity can

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**   — 23 —

1   demonstrate that taking such steps would

2   fundamentally alter the nature of the good, service,

3   facility, privilege, advantage, or accommodation

4   being offered or would result in an undue burden;"

5   § 302(b)(2)(A)(iv): "A failure to remove

6   architectural barriers, and communication barriers

7   that are structural in nature, in existing

8   facilities... where such removal is readily

9   achievable;"

10   § 302(b)(2)(A)(v): "Where an entity can

11   demonstrate that the removal of a barrier under

12   clause (iv) is not readily achievable, a failure to

13   make such goods, services, facilities, privileges,

14   advantages, or accommodations available through

15   alternative methods if such methods are readily

16   achievable." The acts and omissions of Defendants

17   set forth herein were in violation of Plaintiff's

18   rights under the ADA, Public Law 101-336, and the

19   regulations promulgated thereunder, 28 CFR Part

20   36ff.

21   55. The removal of each of the barriers complained of

22   by Plaintiff as hereinabove alleged (i.e., in paragraphs 20

23   through 21, above) were — at all times on or after January 26,

24   1992 — "readily achievable."

25   56. Further, at all times herein mentioned,

26   modification of or removal of these barriers was "readily

27   achievable" under the factors specified in the Americans with

28   Disabilities Act of 1990, including but not limited to

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 24 —

1   section 301(9) [42 U.S.C. 12181], and the Regulations adopted

2   thereto.

3        57.  Further, if Defendants are collectively able to

4   "demonstrate" that it was not "readily achievable" for

5   Defendants to remove each of such barriers, Defendants have

6   failed to make the required services available through

7   alternative methods which were readily achievable, as required

8   by Section 302 of the ADA [42 U.S.C. 12182].

9        58.  "Discrimination" is further defined under

10  Section 303(a)(2) of the ADA, for a facility or part thereof

11  that was altered after the effective date of Section 303 of the

12  ADA in such a manner as to affect or that could affect the

13  usability of the facility or part thereof by persons with

14  disabilities, to include per Section 303(a)(2) [42 U.S.C.

15  12183], "a failure to make alterations in such a manner that, to

16  the maximum extent feasible, the altered portions of the

17  facility are readily accessible to and usable by individuals

18  with disabilities, including individuals who use wheelchairs."

19  Additionally, for alterations to areas of a facility involving a

20  "primary function," discrimination under the ADA, per Section

21  303(a)(2) (42 U.S.C. 12183), also includes the failure of an

22  entity "to make the alterations in such a manner that, to the

23  maximum extent feasible, the path of travel to the altered area

24  and the bathrooms, telephones, and drinking fountains serving

25  the altered area, are readily accessible to and usable by

26  individuals with disabilities."  On information and belief, the

27  subject building constitutes a "commercial facility," and

28  Defendants have, since the date of enactment of the ADA,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 25 —

1   performed alterations (including alterations to areas of primary
2   function) to the subject building and its facilities, public
3   accommodations, and commercial facilities, which fail to provide
4   facilities and paths of travel to such areas that are readily
5   accessible to and usable by individuals with disabilities, in
6   violation of Section 303(a)(2), and the regulations promulgated
7   thereunder, 28 CFR Part 36ff.

8          59.   Pursuant to the Americans with Disabilities Act,
9   42 USC 12188ff, Section 308, Plaintiff is entitled to the
10   remedies and procedures set forth in Section 204, subsection
11   (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at
12   subsection (a)), as plaintiff is being subjected to
13   discrimination on the basis of disability in violation of this
14   title or has reasonable grounds for believing that she is about
15   to be subjected to discrimination in violation of Sections 302
16   and 303.   On information and belief, Defendants have continued
17   to violate the law and deny the rights of plaintiff and of other
18   disabled persons to access this public accommodation since the
19   visit of plaintiff early June 2010.   Pursuant to
20   Section 308(a)(2), "[i]n cases of violations of Section
21   302(b)(2)(A)(iv)... injunctive relief shall include an order to
22   alter facilities to make such facilities readily accessible to
23   and usable by individuals with disabilities to the extent
24   required by this title."

25          60.   As a result of Defendants' acts and omissions in
26   this regard, plaintiff has been required to incur legal expenses
27   and attorney fees, as provided by statute, in order to enforce
28   plaintiff's rights and to enforce provisions of the law

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**          — 26 —

1  protecting   access   for   disabled   persons   and   prohibiting

2  discrimination  against  disabled  persons.   Plaintiff  therefore

3  seeks  recovery  of  all  reasonable  attorneys'  fees,  litigation

4  expenses  (including  expert  fees)  and  costs,  pursuant  to  the

5  provisions  of  Section  505  of  the  ADA  (42  U.S.C.  12205)  and  the

6  Department  of  Justice's  regulations  for  enforcement  of  Title  III

7  of  the  ADA  (28  CFR  36.505).   Additionally,  Plaintiff's  lawsuit

8  is  intended  not  only  to  obtain  compensation  for  damages  to

9  Plaintiff,  but  also  to  require  the  Defendants  to  make  their

10  facilities  accessible  to  all  disabled  members  of  the  public,

11  justifying  "public  interest"  attorneys'  fees  pursuant  to  the

12  provisions  of  California  Code  of  Civil  Procedure  Section  1021.5.

13      WHEREFORE,  Plaintiff  prays  that  this  Court  grant

14  relief  as  hereinafter  stated:

15

16                  **FOURTH CAUSE OF ACTION:**

17    **DENIAL OF FULL AND EQUAL ACCESS TO A PERSON WITH A DISABILITY**

18                  **IN A PUBLIC FACILITY,**

19    **IN VIOLATION OF CALIFORNIA'S DISABLED ACCESS STATUTES**

20  **(Against Private Defendants and Any Governmental Defendant Found**

21   **to Have Acted as a Private For-Profit Entity Whose Actions are**

22                  **in Violation of Statute)**

23      61.  Plaintiff  repleads  and  incorporates  by  reference,

24  as  if  fully  set  forth  again  herein,  the  factual  allegations

25  contained  in  Paragraphs  1  through  60  of  this  complaint  and

26  incorporates  them  herein  as  if  separately  repled.

27      62.  Plaintiff  and  other  similarly  situated  physically

28  disabled  persons  (whose  physical  conditions  require  the  use  of  a

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                — 27 —

1   wheelchair  or  other  mobility  device  and/or  who  have  vision

2   impairments)  are  unable  to  use  public  facilities  at  subject

3   Delta  King  Hotel  on  a  "full  and  equal"  basis  unless  such

4   facilities  are  brought  into  compliance  with  the  provisions  of

5   California  Health  &  Safety  Code  sections  19955  et  seq.

6   Plaintiff  is  a  member  of  that  portion  of  the  public  whose  rights

7   are  protected  by  the  provisions  of  sections  19955  et  seq.  Health

8   &  Safety  Code.

9         63.   Under  section  54.1  Civil  Code,  persons  with

10  disabilities  are  entitled  to  "full  and  equal  access"  to  public

11  accommodations:

12        54.1. (a) (1)  Individuals  with  disabilities  shall  be

13        entitled  to   full  and  equal  access,  as  other  members

14        of  the  general  public,  to   accommodations,  advantages,

15        facilities,  medical  facilities,  including   hospitals,

16        clinics,  and  physicians'  offices,  and  privileges  of

17        all    common  carriers,  airplanes,  motor  vehicles,

18        railroad  trains,   motorbuses,  streetcars,  boats,  or

19        any   other   public   conveyances   or      modes   of

20        transportation  (whether  private,  public,  franchised,

21        licensed,   contracted,   or   otherwise   provided),

22        telephone  facilities,    adoption  agencies,  private

23        schools,  hotels,  lodging  places,  places  of   public

24        accommodation,  amusement,  or  resort,  and  other  places

25        to   which  the  general  public  is  invited,  subject  only

26        to  the  conditions   and  limitations  established  by  law,

27        or  state  or  federal  regulation,   and  applicable  alike

28        to  all  persons.

Complaint for Injunctive Relief and Damages                    — 28 —

64.   "Public accommodations" are further defined as a building, structure, facility complex, or improved area which is used by the general public and shall include parking lots, paths of travel, counters, and attendant facilities.

65.   Defendants participate in the operation of the subject public accommodation, subjecting the property and all such Defendants to the requirements of California's Disabled Rights statutes.

66.   Health & Safety Code Section 19955 provides in pertinent part:

(a)   The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and conventions centers.

67.   Health and Safety Code Section 19956, which appears in the same chapter as 19955, provides, in pertinent part: "[a]ll public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title 1 of the Government Code...."

68.   Section 19956 Health & Safety Code was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.   On information and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 29 —

1    belief, portions of the subject Delta King Hotel were

2    constructed and/or altered after July 1, 1970, and portions of

3    the subject building were structurally remodeled, altered and

4    have undergone structural repairs or additions after July 1,

5    1970. Such construction required such building and its public

6    accommodation facilities to be subject to the requirements of

7    Part 5.5, Sections 19955, et seq., of the Health and Safety

8    Code, which requires provision of access upon "alterations,

9    structural repairs or additions" per Section 19959 Health &

10   Safety Code, or upon a change of occupancy (a form of

11   "alteration").

12          69. Multiple construction, alterations, structural

13   repairs and/or additions were completed on the subject Delta

14   King Hotel property after the January 1, 1968 effective date of

15   Government Code Sections 4450 et seq., and the July 1, 1970

16   effective date of Healthy & Safety Code Section 19955-19959,

17   legally requiring that proper access for disabled persons be

18   provided in each and every regard complained of in the

19   Complaint.

20          70. Construction or alteration at such facilities

21   also triggered access requirements pursuant to section 4456

22   Government Code and Title 24 of the California Code of

23   Regulations. Further, section 19955 Health & Safety Code also

24   requires that, "[w]hen sanitary facilities are made available

25   for the public, clients or employees in such accommodations or

26   facilities, they shall be made available for the physically

27   handicapped." Title 24, California Code of Regulations

28   (formerly known as the California Administrative Code and now

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages** — 30 —

1   known as the California Building Code), was in effect at the

2   time of each alteration which, on information and belief,

3   occurred at such public facility since January 1, 1982, thus

4   requiring access complying with the specifications of Title 24

5   whenever each such "alteration, structural repair or addition"

6   is carried out.  Title 24 imposes additional access requirements

7   with which Defendants have not complied, including additional

8   requirements for accessible restrooms which serve the areas of

9   alteration.

10        71.  As a result of the actions and failure to act of

11   Defendants and each of them, and as a result of the failure to

12   provide proper disabled accessible facilities as above

13   described, Plaintiff was denied her Civil Rights, including her

14   right to full and equal access to public facilities, was

15   embarrassed and humiliated, suffered physical, psychological and

16   mental injuries and emotional distress, all to the general

17   damages of Plaintiff in an amount within the jurisdiction of

18   this Court.

19        72.  Plaintiff seeks damages on a continuing, ongoing

20   and per-incident basis for denial and deterrence within the two

21   years before the filing of her this complaint, and the

22   continuous and ongoing damages suffered thereafter.

23        73.  As a result of the Defendants' continuing failure

24   to provide proper access for disabled persons to use the public

25   facilities, Plaintiff has continually been denied her rights to

26   full and equal access to subject Delta King Hotel and its

27   attendant facilities on a daily basis for the above specified

28   period up to the filing of this complaint and continuing until

**Complaint for Injunctive Relief and Damages**                     — 31 —

1  Defendants provide accessible facilities in each of the respects
2  complained of herein.

3       74.  The  acts  and  omissions  of  Defendants  as
4  complained of herein are continuing on a day by day basis to
5  have the effect of wrongfully excluding Plaintiff and other
6  members of the public who are physically disabled wheelchair
7  users from full and equal access to the public facilities
8  involved.  Such acts and omissions continue to treat Plaintiff
9  as inferior and a second class citizen and serve to discriminate
10 against her on the sole basis that she is physically disabled
11 and requires the use of a wheelchair for movement in public
12 places; Plaintiff is unable, so long as such acts and omissions
13 of Defendants continue, to achieve full and equal access to
14 these public facilities.  The acts of Defendants have
15 proximately caused and will continue to cause irreparable injury
16 to Plaintiff if not enjoined by this court.

17      75.  WHEREFORE,  Plaintiff  asks  this  court  to
18 preliminarily and permanently enjoin any continuing refusal by
19 those Defendants which currently own, operate or lease the
20 premises, or who control such premises as the operating public
21 entities, to grant such access to Plaintiff and other similarly
22 situated persons, and to require such Defendants to comply
23 forthwith with the applicable statutory requirements relating to
24 access for the disabled.  Such injunctive relief is provided by
25 section 19953 Health & Safety Code and California Civil Code
26 section 55.  Plaintiff further request that the court award
27 statutory attorneys' fees, litigation expenses and costs to
28 Plaintiff pursuant to section 19953 Health & Safety Code, Civil

**Thimesch Law Offices**
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 32 —

1   Code section 55, and Code of Civil Procedure section 1021.5, all

2   as hereinafter prayed for.

3

4                    **FIFTH CAUSE OF ACTION:**

5      **VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 4450 *ET SEQ.***

6             **(Against Governmental Entity Defendants)**

7           76.  Plaintiff repleads and incorporates by reference,

8   as if fully set forth again herein, the allegations contained in

9   Paragraphs 1 through 75 of this complaint and incorporate them

10  herein as if separately repled.

11          77.  Plaintiff is informed and believes and therefore

12  alleges that the facilities at the subject Delta King and its

13  attendant valet, passenger loading, parking, dock and elevator

14  facilities are buildings, structures or related facilities

15  within the meaning of California Government Code sections 4450

16  and 4451, and which were built, maintained or leased with public

17  funds.  Plaintiff is further informed and believe and therefore

18  alleges that the Governmental Entity Defendants and their

19  predecessors in interest, as joint tortfeasors and joint

20  venturers, have constructed, altered, or repaired parts of such

21  subject Delta King facilities within the meaning of California

22  Government Code sections 4450 and 4451 since July 1, 1968,

23  thereby requiring provision of access to persons with

24  disabilities, as required by law.  Further, since January 1,

25  1982, construction or alteration at such facilities also

26  triggered access requirements pursuant to section 4456

27  Government Code and Title 24 of the California Code of

28  Regulations.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 33 —

1      78.   The    named    Governmental   Entity   Defendants

2   participate   in   the   operation   of   the   subject   public

3   accommodation, subjecting the property and all such Defendants

4   to the requirements of sections 4450ff Government Code.

5      79.  Plaintiff has standing to enforce the provisions

6   of sections 4450ff Government Code under section 19953 Health &

7   Safety Code.

8      80.  The  actions  and  inactions  of  the  Governmental

9   Entity  Defendants  as  herein  alleged  constitute  a  denial  of

10  access  to  and  use  of  the  described  public  facilities  by

11  physically  disabled  persons  within  the  meaning  of  California

12  Government Code sections 4450 *et seq.* Plaintiff has no adequate

13  remedy at law as to facing the recurring damages facing them

14  each  time  that  they  and  other  similarly  situated  disabled

15  persons return to these inaccessible facilities, and unless the

16  relief  requested  herein  is  granted,  Plaintiff  and  many  other

17  physically  disabled  persons  will  each  suffer  irreparable  harm  in

18  that  their  fundamental  right  to  accessible  public  facilities

19  while  patronizing  the  subject  Delta  King  will  be  denied  and

20  abridged.  Plaintiff  seeks  injunctive  relief  under  section  19953

21  Health  &  Safety  Code  (governing  enforcement  of  actions  under

22  sections  4450ff  Government  Code),  and  recovery  of  reasonable

23  attorneys' fees and costs.

24     WHEREFORE,  Plaintiff  prays  that  this  Court  grant

25  relief as requested hereinbelow.

26  ////

27

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 34 —

1                                    **SIXTH CAUSE OF ACTION:**

2            **VIOLATION OF CALIFORNIA'S DISABLED RIGHTS ACTS**

3                **(§§54, 54.1 and 55 CIVIL CODE)**

4                 **(Against All Named Defendants)**

5         81.  Plaintiff repleads and incorporates by reference,

6   as if fully set forth again herein, the factual allegations

7   contained in paragraphs 1 through 80 of this complaint and

8   incorporates them herein as if separately repled.

9         82.  The aforementioned acts and omissions of

10   Defendants and each of them constitute a denial of equal access

11   to and use and enjoyment of these facilities by persons with

12   disabilities, including Plaintiff.  Said acts and omissions are

13   also in violation of provisions of Title 24 of the California

14   Administrative Code (later known as the California Code of

15   Regulations and the California Building Code.)

16         83.  On or about the above dates complained of, and on

17   multiple occasions thereafter, including occasions of

18   deterrence, Plaintiff suffered violations of sections 54 and

19   54.1 Civil Code in that she was denied full and equal access to

20   the subject Delta King Hotel facilities on the basis that she

21   was physically disabled persons.

22         84.  Plaintiff is further informed and believes that

23   before and after such dates, the named Defendants and each of

24   them were made aware orally, in writing, and through the media

25   and governmental sources of the inaccessibility of their public

26   facility/business to disabled persons, such as Plaintiff, and

27   other persons with disabilities similarly situated, and of the

28   federal and state legal obligations of owners and operators of

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**           — 35 —

1   public facilities to make their facilities accessible to

2   disabled persons. Despite being informed of such effect on

3   disabled persons and the manner in which their practices and

4   lack of acceptable facilities were continuing to discriminate

5   against disabled persons on a day-to-day basis, said Defendants

6   and each of them knowingly and willfully failed and refused to

7   take any steps to rectify this situation and to provide full and

8   equal access for disabled persons to each public facility

9   referred to herein.

10          85.   At all times since Plaintiff's above specified

11   complaints, and on information and belief for periods prior to

12   this date, Defendants were on notice of the requirements of the

13   law relating to provision for full and equal disabled access.

14   Especially as Defendants were on full notice, each day that

15   Defendants have continued to deny access to disabled persons

16   constitutes a new and distinct violation of Plaintiff's right to

17   full and equal access to this public facility, in violation of

18   Sections 54 and 54.1, et seq. Civil Code.   In the event of a

19   default judgment against any particular Defendant, Plaintiff

20   will seek an injunction requiring provision of all access called

21   for in this complaint (at paragraphs 19 through 20, and the

22   incorporated Exhibit 1), plus damages of $4,000 for each

23   specific incident or deterrence during the two years preceding

24   the filing of this complaint, plus reasonable attorneys' fees,

25   litigation expenses and costs as set by the court, until the

26   site is brought into full compliance with state and federal

27   access laws protecting the rights of the disabled, or,

28   alternatively, until the date of entry of default.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 36 —

86.   As a result of the denial of equal access to Defendants' facilities due to the acts and omissions of Defendants and each of them in owning, operating, and maintaining this subject public facility, Plaintiff suffered violations of her Civil Rights including but not limited to rights under sections 54 and 54.1 Civil Code, and suffered physical injury and discomfort, emotional shock, mental and emotional distress, embarrassment and humiliation, all to her damages as hereinafter stated.   Defendants' actions and omissions to act constituted discrimination against Plaintiff on the sole basis that she was physically disabled and unable, because of the architectural barriers created by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.

87.   Plaintiff seeks damages on a continuing and ongoing basis and for each specific incident or deterrence during the two years preceding the filing of this complaint, and the continuous and ongoing damages suffered thereafter.

88.   Subject to the terms of the preceding paragraph, Plaintiff also seeks damages against all Defendants for the violation of her rights as a person with a disability during her patronage at the subject Delta King Hotel, and on multiple visits thereafter, according to proof, pursuant to section 54.3 Civil Code, including a trebling of all statutory and actual damages, general and special, available pursuant to section 54.3 Civil Code.   Plaintiff also seeks such damages for such Defendants' continuing to maintain such facilities in an inaccessible condition since date of her earliest visit, and for

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 37 —

each specific incident or deterrence during the two years preceding the filing of this complaint, and thereafter until Defendants provide full and equal access. Plaintiff also seeks injunctive relief against all Defendants pursuant to section 55 Civil Code, requiring Defendants to make their facilities accessible to disabled persons in each of the respects complained of herein.

89. As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and hire an attorney in order to enforce Plaintiff's rights and enforce provisions of the law protecting access for persons with disabilities and prohibiting discrimination against persons with disabilities. Plaintiff therefore seeks recovery in this lawsuit for all reasonable attorneys' fees and costs incurred pursuant to the provisions of sections 54.3 and 55 Civil Code. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to require the Defendants to make their facilities accessible to all disabled members of the public, conferring a significant public benefit, and justifying attorneys' fees, litigation expenses and costs pursuant to the provisions of section 1021.5 Code of Civil Procedure.

WHEREFORE, Plaintiff prays for damages and declaratory and injunctive relief hereinafter stated.

////

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 38 —

**SEVENTH CAUSE OF ACTION:**

**DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF TITLES II AND III**

**OF THE AMERICANS WITH DISABILITIES ACT**

**UNDER CALIFORNIA'S DISABLED RIGHTS ACT**

**(Against All Named Defendants)**

90.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 89 of this complaint and incorporates them herein as if separately repled.

91.   Each violation of the Americans With Disabilities Act of 1990, as complained of in the First and Third Causes of Action hereinabove (the contents of which causes of action are incorporated herein as if separately repled), is also a violation of section 54(c) and section 54.1(d) California Civil Code, further and independently justifying damages, injunctive and other statutory relief per section 54.3 and 55 California Civil Code.

92.   Plaintiff seeks damages on a continuing, ongoing and per-incident basis for the period preceding within the two years before the filing of her this complaint, and the continuous and ongoing damages suffered thereafter.

93.   Plaintiff has no adequate remedy at law, and unless the relief requested herein is granted, Plaintiff will suffer irreparable harm in that they will continue to be discriminated against and denied access to the specified public facilities.   Because Plaintiff seeks improvement of access for persons with disabilities, which will benefit a significant portion of the public, Plaintiff seeks attorneys' fees pursuant

**Thimesch Law Offices**
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                — 39 —

1  to section 1021.5 California Code of Civil Procedure, section

2  54.3 and 55 Civil Code; and 19953 Healthy & Safety Code.

3          WHEREFORE, Plaintiff prays for relief as hereinafter

4  stated.

5

6                    **EIGHTH CAUSE OF ACTION:**

7  **DAMAGES AND INJUNCTIVE RELIEF UNDER THE UNRUH CIVIL RIGHTS ACT**

8         **FOR VIOLATION OF TITLES II & III OF THE ADA**

9              **(Against All Named Defendants)**

10          94.  Plaintiff repleads and incorporates by reference,

11 as if fully set forth again herein, the factual allegations

12 contained in Paragraphs 1 through 93 of this complaint and

13 incorporates them herein as if separately repled.

14          95.  Each violation of the Americans With Disabilities

15 Act of 1990, as complained of in the First and Third Causes of

16 Action hereinabove (the contents of which causes of action are

17 incorporated herein as if separately repled), is also a

18 violation of section 54(c) and section 54.1(d) California Civil

19 Code, further and independently justifying damages, injunctive

20 and other statutory relief per section 54.3 and 55 California

21 Civil Code.

22          96.  Plaintiff seeks damages for each specific

23 incident or deterrence during the two years preceding the filing

24 of this complaint, and for the continuous and ongoing damages

25 suffered thereafter.

26          97.  As a result of Defendants' acts and omissions in

27 this regard, Plaintiff has been required to incur legal expenses

28 and attorney fees, as provided by statute, in order to enforce

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 40 —

1   Plaintiff's rights and to enforce provisions of the law

2   protecting access for disabled persons and prohibiting

3   discrimination against disabled persons. Plaintiff therefore

4   seeks recovery of all reasonable attorneys' fees, litigation

5   expenses (including expert fees) and costs, pursuant to the

6   provisions of Section 52 of the Civil Code. Additionally,

7   Plaintiff's lawsuit is intended not only to obtain compensation

8   for damages to Plaintiff, but also to require the Defendants to

9   make their facilities accessible to all disabled members of the

10  public, justifying "public interest" attorneys' fees pursuant to

11  the provisions of California Code of Civil Procedure Section

12  1021.5.

13

14             **NINTH CAUSE OF ACTION:**

15      **VIOLATION OF CALIFORNIA GOVERNMENT CODE §11135**

16   **DISCRIMINATION UNDER PROGRAM RECEIVING FINANCIAL ASSISTANCE**

17                  **FROM THE STATE**

18        **(Against Governmental Entity Defendants)**

19          98.  Plaintiff repleads and incorporates by reference,

20  as if fully set forth again herein, the factual allegations

21  contained in paragraphs 1 through 97 of this complaint and

22  incorporate them herein as if separately repled in full.

23          99.  The administration, supervision and maintenance

24  by the Government Defendants of the specified public facilities

25  and of the activities therein are funded, at least in part, by

26  the State of California through grants, credits, and other

27  funding measures.

28          100. The Defendants have failed to make these

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

1  facilities accessible to and usable by disabled persons in

2  violation of California Government Code section 11135 *et seq.*

3     101. Pursuant to recent amendments of section 11135, a

4  civil action for injunctive relief is available to remedy

5  violations.

6     102. Plaintiff has no adequate remedy at law, and

7  unless the relief requested herein is granted, Plaintiff and

8  other similarly situated disabled persons will suffer

9  irreparable harm in that they will continue to be discriminated

10  against and denied access to the specified public facilities.

11  Because Plaintiff seeks improvement of access for persons with

12  disabilities, which will benefit a significant portion of the

13  public, Plaintiff seeks attorneys' fees pursuant to section

14  1021.5 California Code of Civil Procedure.

15     Wherefore, Plaintiff prays that the Court grant relief

16  as requested hereinbelow.

17

18              **TENTH CAUSE OF ACTION:**

19        **VIOLATION OF GOVERNMENT CODE SECTION 12948**

20             **(Against All Named Defendants)**

21     103. Plaintiff repleads and incorporates by reference,

22  as if fully set forth again herein, the factual allegations

23  contained in paragraphs 1 through 102 of this Complaint and

24  incorporate them herein as if separately repled.

25     104. Defendants' actions are in violation of

26  Government Code Section 12948, and the corresponding Civil Code

27  Sections 51, 54, and 54.1.

28     105. Plaintiff seeks injunctive relief (all),

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 42 —

statutory and compensatory damages (all), punitive damages (as to Private Entity Defendants), and attorney's fees, litigation expenses and costs under the FEHA (all).

Wherefore, Plaintiff prays that the Court grant relief as requested herein below.

## ELEVENTH CAUSE OF ACTION:

### NEGLIGENCE &

### NEGLIGENCE PER SE IN INJURING PLAINTIFF DUE TO VIOLATIONS OF STATE AND FEDERAL LAW PROTECTING THE DISABLED, AND COMPLETE INDIFFERENCE TO THE CERTAIN RESULT

### (Against All Named Defendants)

106. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 105 of this Complaint and incorporate them herein as if separately repled.

107. Irrespective of any barriers and statutory requirements, Defendants were negligent in their actions and policies, which proximately caused injury to Plaintiff, including stress, suffering, and strain.

108. Defendants' actions, as previously pled, also constitute negligence per se, as they constitute violations of state and federal laws protecting the rights and safety of disabled persons such as Plaintiff. Plaintiff alleges Defendants' actions and failures to act were done with complete indifference of the probable injury to Plaintiff, and her exclusion from the premises.

109. Further, any violation of the Americans With

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

1  Disabilities Act of 1990 (as pled in the First and  Third Causes

2  of Action as to their respective defendants hereinabove, the

3  contents of which are repled and incorporated herein, word for

4  word, as if separately restated hereafter), also constitutes a

5  violation of Section 54(c) and Section 54.1(d) California Civil

6  Code, thus independently justifying an award of damages and

7  injunctive relief pursuant to California law on this basis,

8  including but not limited to Civil Code Sections 54.3 and 55.

9      Wherefore, Plaintiff prays that the court grant relief

10  as requested herein below.

11

12              **TWELFTH CAUSE OF ACTION**

13              **(Declaratory Relief)**

14          **(Against All Named Defendants)**

15      110. Plaintiff repleads and incorporates by reference,

16  as if fully set forth again herein, the factual allegations

17  contained in Paragraphs 1 through 109 of this complaint and

18  incorporates them herein as if separately repled.

19      111. A present and actual controversy exists among the

20  respective rights and obligations of Plaintiff and Defendants,

21  and separately, as to the obligations that have been impressed by

22  the aforementioned statutes against the Delta King Hotel property

23  irrespective of past or future ownership.  Plaintiff requests a

24  judicial determination of her rights and such obligations in a

25  declaration, and also as to whether and to what extent

26  Defendants' conduct and the current configuration of the property

27  violates applicable law.

28      112. Such a declaration is necessary and appropriate at

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                    — 44 —

1  this time in order that Plaintiff may ascertain her rights. Such

2  declaration is further necessary and appropriate to prevent

3  further harm or infringement of Plaintiff's Civil Rights.

4        Wherefore, Plaintiff prays the court grant relief as

5  requested hereinbelow.

6

7                          **PRAYER FOR RELIEF**

8        Plaintiff prays that this Court award damages and

9  provide relief as follows:

10       1.   Grant injunctive relief requiring that those of

11  the Defendants at time of judgment that own, operate, control or

12  lease the subject premises (and their successors in interest),

13  repair the premises and render them safe to disabled persons,

14  and modify their policies and procedures, and otherwise provide

15  "full and equal access" to the public areas herein complained

16  of, and make such facilities "readily accessible to and usable

17  by individuals with disabilities," according to the standards of

18  sections 51, 54 and 54.1 et seq. of the California Civil Code;

19  Title 24 of the California Administrative Code; Sections 19955-

20  19959 of the Healthy & Safety Code; Sections 4450-4456 of the

21  California Government Code; section 11135 of the California

22  Government Code; section 504 of the Rehabilitation Act of 1973;

23  Title II of the Americans With Disabilities Act of 1990; the

24  Americans With Disabilities Act Access Guidelines; and provide

25  full and equal access to physically disabled persons, including

26  Plaintiff, in all manners required by such statutes and

27  government regulations;

28       2.   Retain jurisdiction over the Defendants and their

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 45 —

1  successors until such time as the Court is satisfied that

2  Defendants' unlawful policies, practices, acts and omissions

3  complained of herein no longer exist, and will not recur;

4       3.   If the subject facility is closed during the

5  pendency of this action, not allow Defendants and their

6  successors to reopen as any type of business until all barriers

7  complained of herein have been remediated.

8       4.   Issue a declaratory judgment that Defendants'

9  actions and omissions, and failures, including to modify the

10 premises in compliance with the law, and to make reasonable

11 accommodations and reasonable modifications for Plaintiff and

12 other similarly situated disabled persons violates the rights of

13 Plaintiff and other similarly situated persons rights under the

14 Health & Safety Code Sections 19955-19959; Government Code

15 Sections 4450-4455 & 11135; Civil Code Sections 51, 54, and 54.1

16 et seq.; Americans With Disabilities Act of 1990, 42 U.S.C.

17 sections 12101, et seq., and the regulations promulgated

18 thereunder; section 504 of the Rehabilitation Act of 1973, 29

19 U.S.C. section 794, and the regulations promulgated thereunder;

20 and the due process clauses of the United States and California

21 Constitutions.

22       5.   Issue a declaratory judgment regarding the

23 obligations impressed by law against all named Defendants and

24 the Delta King, and declaring that Plaintiff is entitled to

25 disabled accessible and usable subject facilities including its

26 parking facilities, loading zones, paths of travel, entrances,

27 seating, public restroom, counter facilities, restaurants, bars,

28 guestrooms, and other facilities, so that they may make use of

**Complaint for Injunctive Relief and Damages**                    — 46 —

1   the public facilities and participate in the activities offered

2   by Defendants without suffering discrimination or impediment on

3   the basis of their disability;

4          6.   Plaintiff seeks an award of statutory and

5   "actual" damages against all Private Defendants, and separately

6   against the Governmental Defendants (upon expiration of the 45

7   day wait period on Plaintiff's Government Claim, and for the

8   period accruing 6 months prior to the filing of the Government

9   claim), including general damages and special damages, according

10  to proof, against such Defendants pursuant to sections 52 and

11  54.3 Civil Code, and that these damages be trebled;

12         7.   Plaintiff seeks an award of statutory and

13  "actual" damages against all Private Defendants, and separately

14  against the Governmental Defendants (upon expiration of the 45

15  day wait period on Plaintiff's Government Claim, and for the

16  period accruing 6 months prior to the filing of the Government

17  claim), including general damages and special damages, according

18  to proof, against such Defendants pursuant to sections 52 and

19  54.3 Civil Code, and that these damages be trebled;

20         8.   Award compensatory and statutory damages against

21  all Government Entity Defendants pursuant to section 504 of the

22  Rehabilitation Act.

23         9.   Award compensatory and statutory damages against

24  the Government Entity Defendants pursuant to Title II of the

25  Americans With Disabilities Act.

26         10.  Punitive damages as to the Those Defendants Found

27  to Have Private Entity Liability pursuant to Section 3294 Civil

28  Code (Re: Tenth and Eleventh Causes of Action Only);

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**                — 47 —

1         11.    Award prejudgment interest on all compensatory

2 damages;

3         12.    Award all costs of this proceeding and all

4 reasonable attorneys' fees, litigation expenses and costs as

5 provided by law, including but not limited to those recoverable

6 pursuant to the provisions of sections 54.3 and 55 Civil Code,

7 section 1021.5 Code of Civil Procedure, section 19953 Health &

8 Safety Code, section 505 of the Americans With Disabilities Act,

9 and section 504a of the Rehabilitation Act of 1973; and

10         13.    Grant such other and further relief as this Court

11 may deem just and equitable.

12

13 Dated: August 23, 2011      THIMESCH LAW OFFICES
                                 TIMOTHY S. THIMESCH

14

15

16                                    Attorneys for Plaintiff

17                                    HOLLYNN D'LIL

18

19                       **DEMAND FOR JURY TRIAL**

20         Plaintiff demands a jury on all claims for which a

21 jury is permitted.

22

23 Dated: August 23, 2011

24                                    Attorneys for Plaintiff

25                                    HOLLYNN D'LIL

26

27

28

**Thimesch Law Offices**
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages           — 48 —

# EXHIBIT 1

<u>**BARRIER CONDITIONS ON THE DELTA KING**</u>

　　　**a.　<u>Passenger Loading, Valet, Parking and Path of Travel from Street</u>.**

　　　　　i.　There is valet parking for the hotel at the turn around (2007-CBC §1114B.1.2; ADAAG §4.3.2 (2)), but the valet station is not located on accessible route, there is no accessible designated unloading zone (2007-CBC §1131B.3 and ADAAG §4.1.2(5)(e)), and the required disabled accessible reserved-self-serve-parking facilities have not been provided (2007-CBC §1131B.3; cf. ADAAG §A4.1.2(5)(e)), denying Plaintiff and other persons with physical disabilities that require the use of a wheelchair for mobility (hereafter referred to by the shorthand "wheelchair users") a safe area to unload from their vehicle.  Plaintiff encountered these barrier conditions and was denied full and equal access in this manner.  She demands that Defendants provide compliant valet, passenger loading, and accessible reserved-self-parking facilities meeting the requirements of the California Building Code (CBC) and/or the Americans with Disabilities Act Accessibility Guidelines (ADAAG).

　　　　　ii.　The parking spaces closest to the boat are not level within 2% as required by code (2007-CBC §1129B.3#4; ADAAG §4.6.3), and there's no parking signage in the unloading zone (2007-CBC §1129B.3 #1; §1129B.3 #1, 2.), denying wheelchair users a properly configured, safe and reserved area to park and unload from their vehicle.  Plaintiff encountered this barrier and was denied full and equal access in this manner.  Plaintiff demands that Defendants provide compliant

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— 1 —

1  parking facilities meeting the requirements of the CBC and

2  ADAAG.

3           iii.   The slope up from the street to the

4  railroad tracks exceeds 5% with no elements of a ramp, causing

5  wheelchair users stress, strain and difficulty in attempting to

6  use this path of travel (2007-CBC §§ 1114B.1.2 & 1128B; and

7  ADAAG §§ 4.3.2 & 4.3.7).  Plaintiff encountered this barrier and

8  was denied full and equal access in this manner.  Plaintiff

9  demands that Defendants provide a compliant path of travel

10  meeting the requirements of the CBC and ADAAG.

11           iv.   The path of travel from the parking is

12  across the railroad tracks that are not level and flush and have

13  gaps on the outer edge greater than that permitted by code, and,

14  on information and belief, greater than 2 ½ inches wide on the

15  inner edge (2007-CBC §1121B.3.1(13) §ADAAG §10.3.1(13)), and

16  otherwise proceed across a long section of vertically laid board

17  that have sudden vertical rises that greatly exceed ¼ inch

18  maximum, or ½ inch beveled, permitted by code (2007-CBC

19  §1131A.1; ADAAG §4.5.2).  These conditions cause wheelchair

20  users stress, strain and difficulty, as well as risk and hazard,

21  in attempting to use this path of travel.  Plaintiff encountered

22  these specific barrier conditions and was denied full and equal

23  access in these ways.  Plaintiff demands that Defendants provide

24  compliant path of travel facilities across the tracks and boards

25  meeting the requirements of the CBC and ADAAG.

26           i.   The ramp down from the dock is 60 feet

27  long, and its slope exceeds the 5% maximum, but without require

28  intermediate landing being provided.  The bottom of the ramp is

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— - 2 - —

1   a steeper portion that exceeds 8.3% (2007-CBC §1133B.5 et seq.;

2   ADAAG §4.8 et seq.).   These conditions cause wheelchair users

3   stress, strain and difficulty in attempting to use this path of

4   travel, as well as significant risk and hazard on the steeper

5   portion.   Plaintiff encountered these barrier conditions and was

6   denied full and equal access in these ways.   She demands that

7   Defendants provide compliant ramp facilities meeting the

8   requirements of the CBC and ADAAG.

9                    ii.   On information and belief, the slope of

10  the upper run of the aforementioned ramp is approximately 12.1%,

11  and the slope of the piece at the end has a 13.5% slope, which

12  both greatly exceed the 8.3% maximum slope permitted by code.

13  (2007-CBC §1133B.5 et seq.; ADAAG §4.8 et seq.).   These are

14  hazardous conditions for wheelchair users making it difficult or

15  impossible to use, particularly in ascending the ramp, and

16  limits their overall mechanical and physical endurance.

17  Plaintiff has encountered these barriers and was discriminated

18  against in this manner.   She demands that Defendants provided an

19  accessible route in compliance with CBC and ADAAG requirements.

20                    b.   **Registration Lobby.**   On the date of her

21  visit, Plaintiff used the lobby and encountered the following

22  barrier conditions that denied her full and equal access due to

23  her disability and her use of a wheelchair:

24                    i.   The entry door from the dock into the

25  lobby is at least 2 ½ inches, which exceeds the ½ inch maximum

26  beveled permitted by code.   (2007-CBC; ADAAG §1133B.2.4.1; ADAAG

27  §4.13.8.)   Access to the deck on the river side is over a

28  similar threshold.   These conditions makes it extremely

**Complaint for Injunctive Relief and Damages**

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Exhibit 1
— - 3 - —

1    difficult to impossible for wheelchair users to cross in and out

2    of the lobby, and/or to access the deck on the river side, and

3    in fact present a high-center risk.  Plaintiff encountered these

4    barriers and was denied full and equal access in this manner.

5    She demands that Defendants provide compliant entrance

6    facilities meeting the requirements of the CBC and ADAAG.

7                    ii.  The front desk registration counter, at

8    which persons transact and handle documents, is approximately 42

9    inches high and without the lower section required by code.

10   (2007-CBC §1122B.5; ADAAG §7.2(2).)  This barrier condition

11   denies the disabled the lowered transaction counter they need

12   for accessing the work surface from their wheelchair.  Plaintiff

13   encountered this specific barrier and was denied access in this

14   manner.  She demands that Defendants provide compliant counter

15   facilities meeting the requirements of the CBC and ADAAG.

16                    c.    **Absence of Guestroom Equipped With Roll-In**

17   **Shower.**  The hotel with approximately 44 guestrooms fails to

18   provide at least one with a roll-in shower.  (2007-CBC

19   §1111B.5.1.)  This discriminates against persons who use

20   wheelchairs by making it extremely difficult for them to take a

21   normal shower.  On the date of her visit, Plaintiff was thereby

22   denied access, and was discriminated against in this manner.

23   She demands that Defendants provide one compliant accessible

24   guestroom equipped with a roll-in shower meeting the scoping

25   requirements of the CBC, and the design requirements of the CBC

26   and ADAAG.

27                    d.    **Designated Accessible Guestroom 320 at**

28   **Lobby.**  On the date of her visit, Plaintiff attempted to check

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— 4 —

1  in and use this room, and encountered the following barrier

2  conditions that denied her full and equal access due to her

3  disability and her use of a wheelchair:

4      i.  At the entry door, the light is a twist

5  type control on a front approach, making it difficult for

6  wheelchairs users to grasp and activate the light from their

7  seated position. (2007-CBC §1117B.6 #4; ADAAG §9.2.2.) It is

8  non-compliant with the code that requires that controls in

9  designated rooms not require grasping, pinching, or twisting of

10  the wrist (GPT) to operate. Plaintiff encountered this barrier

11  and was affected in this manner. She demands that Defendants

12  provide compliant controls meeting the requirements of the CBC

13  and ADAAG.

14      ii.  The height of the chain latch is set at

15  a height of approximately 52 5/8 inches above the finished floor

16  (AFF), and the configuration of the landing provides the

17  wheelchair user with only a front approach. These conditions

18  exceed the 30 – 44 inch maximum range permitted by code. (2007-

19  CBC §1133B.2.5.2; ADAAG §4.13.9.) They make it more difficult

20  to impossible for wheelchairs users to grasp and use the latch

21  from their seated position. Plaintiff encountered this barrier

22  and was affected in this manner. She demands that Defendants

23  provide a compliant reach range meeting the requirements of the

24  CBC and ADAAG.

25      iii. The height of the bed is approximately

26  26 inches height AFF, which is above the 17 inch to nineteen

27  inch maximum usable seat transfer height specified by code.

28  This makes the bed difficult to impossible to use. Plaintiff

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1

— 5 —

1    demands that Defendants lower the bed to the seat-height

2    transfer range specified by code.

3                        iv. The height of the clear-space

4    underneath the bed is less than 5 inches, which is less than the

5    7 inch minimum required by code.  (2007-CBC § 1111B.4.3.)  This

6    denies wheelchair users such as Plaintiff the opportunity to use

7    a portable lift device to access the bed.  She demands that

8    Defendants provide a space meeting the requirements of the CBC.

9                        v.  The distance between the desk and the

10   bed is 28 inches, and between the bed and the chair is 26

11   inches, which is less than the 36 inch minimum required by code

12   (2007-CBC §1111B.4.2.2; ADAAG §9.2.2(2)), and which blocks the

13   accessible route in the room leading from the entrance to the

14   bathroom, and making it is difficult to impossible for a

15   wheelchair user to pass.  Plaintiff encountered this barrier and

16   was denied full and equal access in this manner.  She demands

17   that Defendants provide a compliant path of travel meeting the

18   requirements of the CBC and ADAAG.

19                        vi. The windows are controlled by strings

20   and wands set at 54 inches plus and require the prohibited

21   action of grasping to operate, as does the two have no wands and

22   the up and down adjustment is a cord that must be grasped.

23   (2007-CBC §§ 1117GB.6(5.1) and §1133B.2.5.2; ADAAG §§ 4.13.9 and

24   4.27.3.)  These required actions make it difficult to impossible

25   for wheelchair users to reach and use these controls.  Plaintiff

26   encountered these barriers and was denied full and equal access

27   in this manner.  She demands that Defendants provide compliant

28   controls and reach range meeting the requirements of the CBC and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— 6 —

1    ADAAG.

2                        i.   The guestroom's TV is set in at an

3    armoire-cabinet.  The door latches for the armoire are set at 57

4    inches AFF, and require the prohibited actions of grasping to

5    access their inset loop-type handles.  These required actions

6    make it difficult to impossible for wheelchair users to reach

7    and use these latches to access the cabinet.  (2007-CBC §§

8    1117GB.6(5.1) and §1133B.2.5.2; ADAAG §§ 4.13.9 and 4.27.3.)

9    Plaintiff encountered this barrier and was denied full and equal

10   access in this manner.  She demands that Defendants provide a

11   compliant reach range meeting the requirements of the CBC and

12   ADAAG.

13                        ii.  The depth of the door landing for the

14   bathroom is 3 foot 6 inches instead of the 60 inches required by

15   code to provide wheelchair users with the space required to

16   position themselves and their chair outside the swing when

17   operating the door.  (2007-CBC §§ 1127A.1 and 1127A.2;

18   ADAAG §§ 4.13 and 4.22.2.)  This condition makes it difficult to

19   impossible for the wheelchair user to operate the door.

20   Plaintiff encountered this barrier and was denied full and equal

21   access in this manner.  She demands that Defendants provide a

22   compliant landing meeting the requirements of the CBC and ADAAG.

23                        iii. The landing in front of the sink is

24   42 3/8 inches, which is too shallow to provide full and equal

25   access for the wheelchair user to maneuver and position under

26   the sink.  (2007-CBC §1115B.4.3(3); ADAAG §§ 4.19.3; 4.2.4; and

27   Fig. 32.)  Plaintiff encountered this barrier and was denied

28   full and equal access in this manner.  She demands that

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— - 7 - —

1   Defendants provide a compliant landing meeting the requirements

2   of the CBC and ADAAG.

3                          iv.  The  total  width  of  the  clear  floor

4   space in the bathroom is 2 feet 11 inches.  Hence, the bathroom

5   lacks a 60 inch turn around space (2007-CBC §1115B.3.1; ADAAG

6   §4.23.3.), making it difficult to impossible for wheelchair

7   users  to  turn  around  and  exit  the  bathroom.    Plaintiff

8   encountered this barrier and was denied full and equal access in

9   this  manner.    She  demands  that  Defendants  provide  compliant

10  clear  floor  and  turning  space  meeting  the  requirements  of  the

11  CBC and ADAAG.

12                         v.  Because  of  the  below  described  barrier

13  conditions,  the  shower-tub  was  unusable  by  Plaintiff.    These

14  barriers  prevented  Plaintiff  from  keeping  the  room.    They

15  include:

16                         1)   The  toilet  is  beside  the  tub  and

17  projects  approximately  12  inches  into  the  clear  floor  landing

18  required,  and  the  distance  between  the  wall  and  the  tub  is  36

19  inches,  and  even  less  at  the  partition  at  the  head  of  the  tub.

20  (2007-CBC  §1115B.4.5(1)  and  Figure  11B-8;  ADAAG  4.20.2  and

21  Fig. 33.)  These  conditions  make  it  difficult  to  impossible  for

22  wheelchair  users  to  access  the  tub.    Plaintiff  demands  that

23  Defendants  provide  a  compliant  landing  meeting  the  requirements

24  of the CBC and ADAAG.

25                         2)   The  shower  does  not  have  a  shower

26  wand.    It  has  a  shower  head  adjustment  at  approximately  72

27  inches  above  the  finished  surface  that  is  also  a  twist  type

28  control.    Both  of  these  conditions  violate  code.    (2007-CBC  §§

**Thimesch Law Offices**
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1

— 8 —

1115B.4.4.5 and 1117B.6 #4; ADAAG §§ 4.2.5, 4.2.6, and 9.2.2.) These conditions make it difficult to impossible for those paralyzed from the waist down to reach, access and use the shower function. Plaintiff demands that Defendants provide a compliant shower wand meeting the requirements of the CBC and ADAAG.

3) There is no grab bar on either end of the shower-tub, which is in contravention of code. (2007-CBC §1115B.4.5(3) and Figure 11B-9; ADAAG 4.26, 4.20.4 and Fig. 3.) The absence of these safety features are a hazard, and make it difficult to impossible for the disabled to access and use the tub-shower. Plaintiff demands that Defendants provide compliant grab bars meeting the requirements of the CBC and ADAAG.

4) The soap dish is set at a height of approximately 48 inches AFF. (2007-CBC §1115B.4.5(4); and ADAAG 4.20.5.) For those paralyzed from the waist down, this height makes it difficult to impossible to reach. Plaintiff demands that Defendants provide a compliant reach range meeting the requirements of the CBC and ADAAG.

5) There is transfer depth in front of the toilet, although it is not the 36 inches wide specified by code. (2007-CBC § 1115B.4.1(2); ADAAG §4.16.2 and Fig. 28.) This condition makes it difficult to impossible for a wheelchair user to perform a front transfer. Plaintiff encountered this barrier and was discriminated against in this manner. She demands that Defendants reconfigure the room to provide front transfer space that is compliant with CBC and ADAAG requirements.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— 9 —

6)   There are two towel racks over the side grab bar, which obstruct the usability of the grab bar, etc.   Also, the grab bar itself on the side wall has intermediate mounting brackets along its length, which improperly interrupt the usability of the grab bar, and require the user to release and re-grip the grab bar while making a transfer. (2007-CBC §§ 1115B.4.1(1) and 1115.7.1; ADAAG §§ 4.16.4, 4.26.2 & Fig. 29.)   These are safety hazards affecting wheelchair users while at their most vulnerable. Plaintiff encountered these barriers and was denied full and equal access in this manner.   She demands that Defendants provide compliant and unobstructed grab bars meeting the requirements of the CBC and ADAAG.

7)   The knuckle space on the grab bar is an 1¾ inches instead of the exact 1½ inch dimension required by code to provide the user a predictable surface behind the grab bar from which to leverage the back of the hand while making a dead weight transfer. (2007-CBC §1115B.7.1; ADAAG §4.26.2.)   This is a safety hazard.  Plaintiff encountered this barrier and was denied full and equal access in this manner. She demands that Defendants provide compliant spaces meeting the requirements of the CBC and ADAAG.

1)   The two toilet paper rolls have fold down flaps that improperly restrict the flow of the paper in non-compliance with the code, and making it more difficult for wheelchair users to use, and while they are reaching from a vulnerable position. (2007-CBC §1115B.8.4; ADAAG §4.16.6.) Plaintiff encountered this barrier and was denied full and equal

**Thimesch Law Offices**
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— - 10 - —

1   access in this manner.  She demands that Defendants provide

2   compliant and unrestricted holders meeting the requirements of

3   the CBC and ADAAG.

4                    2)   The bottom reflective edge of the

5   mirror is set at a height of 9 ½ above sink counter, making it

6   approximately 45 inches AFF.  This exceeds the 40 inch maximum

7   AFF permitted by code.  (CBC (Aug. 09 rev.) §1115B.8.1.1; ADAAG

8   4.19.6.)  This condition makes it difficult to impossible for

9   the seated wheelchair user to use the mirror in a normal manner.

10  Plaintiff encountered this barrier and was denied full and equal

11  access in this manner.  She demands that Defendants provide a

12  compliant mirror meeting the requirements of the CBC and ADAAG.

13                   3)   The hot water feed and drain pipe

14  beneath the sink are not wrapped, which is required by code to

15  prevent burns and/or scraping for wheelchair users.  (2007-CBC

16  §1115B.4.3(4); ADAAG §4.19.4.)  This is a particular hazard for

17  wheelchair users who lack feeling in their legs.  Plaintiff

18  encountered this barrier and was denied full, equal and safe

19  facilities in this manner.  She demands that Defendants insulate

20  this area per CBC and ADAAG requirements.

21                   vi.  The bedroom's closet is set behind the

22  bathroom door, and has the following deficiencies:

23                   1)   There is a coat hook on the back

24  of the closet door that is set at a height of approximately 72

25  inches AFF, which exceeds the 48 inch maximum permitted by code

26  for a side approach.  (2007-CBC §1118B.5; ADAAG §4.27.3.)  This

27  height makes it difficult to impossible for the seated

28  wheelchair user to access.  Plaintiff encountered this barrier

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— - 11 - —

and was denied full, equal and safe facilities in this manner. She demands that Defendants provide a compliant coat hook meeting the requirements of the CBC and ADAAG.

2) The width of the closet door is 21 ¼ inches (for a closet with a 22 1/8 depth), instead of the 32 inches clear required by code, and necessary, to allow wheelchair users to access the closet. (2007-CBC §1127A.9.4.2 and Figure 11A-1H; ADAAG §§ 4.2.4.2 and Fig. 4(d).) Plaintiff encountered this barrier and was denied full, equal and safe facilities in this manner. She demands that Defendants provide a compliant clear width meeting the requirements of the CBC and ADAAG.

3) The clothes bar is set at a height of 59 ¼ inches AFF, which exceeds the 54 inch maximum height specified by code. (2007-CBC §§ Sections1118B.5 and 1118B.6, 1125B.3, and Figure 11B-5D; ADAAG §§ 4.2.5, 4.2.6, 4.25.3, Fig. 5 and Fig 6.) This height makes it difficult to impossible for the seated wheelchair user to access. Plaintiff encountered this barrier and was denied full, equal and safe facilities in this manner. She demands that Defendants provide a compliant reach range meeting the requirements of the CBC and ADAAG.

1) The closet shelf is 63 inches AFF, which exceeds the maximum reach range height specified by code. (2007-CBC §§ Sections1118B.5 and 1118B.6, 1125B.3, and Figure 11B-5D; ADAAG §§ 4.2.5, 4.2.6, 4.25.3, Fig. 5 and Fig 6.) This height makes it difficult to impossible for the seated wheelchair user to access. Plaintiff encountered this barrier and was denied full, equal and safe facilities in this manner.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— - 12 - —

She demands that Defendants provide a compliant reach range meeting the requirements of the CBC and ADAAG.

**e.   Alternate   Designated   Accessible   Guestroom 321 at Lobby.** Plaintiff had this room inspected by her legal representatives, and is aware that it is largely the mirror of room 320, and that its barrier conditions are substantially similar. This is one of the two total guestrooms designated for accessibility. Plaintiff would be affected by each as previously described in subparagraph 20(d), et seq., supra, and they add to the deterrent effect of the overall barrier conditions at the Delta King Hotel. She is deterred from returning to the Delta King by her needs and this knowledge. The following are exemplative of the barrier conditions found in 321 (with many conditions that mirror 320 not being recorded):

i.   The distance between the chair for the desk and the end of the bed is 27 inches. The distance between the end of the bed and the corner of the desk is 25 ¼ inches instead of the 36 inch minimum specified by code. This restricts the accessible route to the bathroom.

ii.   The door landing for the bathroom is only 3' 6 inches instead of the 60 inch minimum specified by code.

iii.   The total width of the bathroom compartment is 2 feet 11 inches, which means it does not provide a 60 inch turning radius.

iv.   The toilet is beside the tub and projects approximately 12 inches into the required clear floor landing in front of the tub.

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— - 13 - —

1       v. There is transfer depth in front of the

2 toilet, although it is not the 36 inches wide specified by code.

3       vi. The clear floor space in front of the

4 sink is 3 feet 6 inches, which is less than the 48 inch minimum

5 specified by code

6       vii. The pipes are not wrapped underneath.

7       viii. There is a portable adjustable shower

8 seat placed in the knee space under the sink, which the requires

9 to be kept free and clear.  This inhibits or prevents wheelchair

10 users from positioning themselves underneath and using the sink.

11       ix. The depth of the sink counter is 23

12 inches.  The height of the lower level of the shelf at the back

13 corner of the sink is 38 inches.  The height of the intermediate

14 shelf with the shampoo and all that stuff is approximately 46

15 inches AFF.  This exceeds the maximum reach range across an

16 obstruction to access all the drink glasses, soap and other

17 provided amenities.

18       x. There are two towel racks over the

19 grab bar, which obstruct the usability of the grab bar, etc.

20       xi. The grab bar itself on the side wall

21 has intermediate mounting brackets along its length, so it has

22 the same usability issues going along with it.

23       xii. The shower does not have a shower

24 wand.  It has a shower head adjustment at approximately 72

25 inches above the finished surface that is also a twist type

26 control.  The diverter and mixing valve are set at a distance of

27 approximately 19 inches back from the face of the tub.

28       xiii.  There is no grab bar on either end of

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— - 14 - —

1    the shower-tub.

2                      xiv.   There is only a single bar at the

3    back of the shower, which is not compliant.

4                      xv.   There is a coat hook on the interior

5    side of the closet door that is set at approximately 74 inches

6    AFF.

7                      xvi. The heating unit is a twist type

8    controller that requires GPT to operate.

9                      xvii.   The window shades have cords that

10   require grasping, as does the wands to adjust the blinds.

11                     xviii.   The closet door is a 24 inch door

12   and the depth of the closet is approximately 20 inches.

13                     xix.   The height of the bed is

14   approximately 26 inches height AFF, which is above the 17 inch

15   to nineteen inch maximum usable seat transfer height specified

16   by code.

17                     xx.   The light in this room is a reastatic

18   control by the front door twist type.

19                     xxi. The locking mechanism is digital card

20   mechanism type, which also necessitates the prohibited-required

21   actions of grasping, pinching and twisting to operate.

22   Plaintiff demands that the key cards for the disabled accessible

23   room be outfitted with a key ring.

24                     xxii.   The ice bucket is on top of the

25   hutch, and is approximately 72 inches AFF, which is outside the

26   maximum permitted reach range.

27                     xxiii. There is a lower fan that is set at a

28   height of 9 inches in the hutch, which is below the lowest

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— - 15 - —

1    permissible reach range for an amenity.

2                    xxiv.  There is a smaller closet unit in the

3    hutch.  Within it there is a TV.  The door latches are set at a

4    height of 57 inches AFF, and necessitate the prohibited-required

5    actions of grasping to access the inset loop-type handles.

6                    xxv.  The lights are twist-type controls.

7                    xxvi.  The landing on the outside of 321 is

8    approximately 48 inches instead of the 60 inch minimum specified

9    by code.

10                   **f.    Delta King Pilothouse Restaurant**

11                   i.  The landing on the exterior door for

12   the entry door to the restaurant has a slope that is

13   approximately 3-4% instead of the 2% maximum specified by code

14   (2007-CBC §1133B.2.4.2; ADAAG at §4.13.6 & Figure 25), and a

15   threshold with a vertical rise in excess of ½ inch, and a total

16   rise of approximately 1 ½ inches (2007-CBC §1133B.2.4.1; ADAAG

17   §4.13.8).  This barrier condition discriminates against

18   Plaintiff's ability to use the entrance in her wheelchair as

19   previously described, was encountered, and discriminates against

20   her in this manner.  Plaintiff demands that Defendants provide a

21   compliant landing and threshold in compliance with CBC and ADAAG

22   Requirements.

23                   ii.  The clear path of travel between the

24   tables within the restaurant is typically restricted between 28

25   and 32 inches wide, which is below the 36 inch minimum specified

26   by code.  (2007-CBC §§ 1133B.6; 1133B.6.2, 1104B.5#4; ADAAG

27   5.3.)  These conditions inhibit and/or block a wheelchair user's

28   passage to the desired table and view, particularly where an

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— - 16 - —

1   angled turn is required along such path.  This barrier condition

2   discriminates against Plaintiff in this manner.  She demands

3   that Defendants provide compliant paths of travel within the

4   dining area in compliance with CBC and ADAAG requirements.

5                    iii.  The knee space projects under the

6   tables approximately 15 inches, which is instead of the 19

7   inches required by code.  (2007-CBC §1122B.3; ADAAG §4.32.3.)

8   On information and belief, the dining tables at all other

9   locations on the Delta King are likewise deficient.  These

10  barriers discriminate against Plaintiff's specific disabilities

11  by failing to provide a table that has equivalent usability to

12  those provided to able-bodied patrons who can position

13  themselves under the table in an appropriate manner.  Plaintiff

14  demands that at each are with dining table or working table

15  surfaces, Defendants provide access to at least 5% of the

16  tables, and in each seating section, that in conformance with

17  CBC/ADAAG requirements, ensuring that none of such designated

18  accessible tables has a pedestal, pedestal base or other

19  obstruction located within the 19 inch minimum depth required

20  for knee space dimension.

21                    iv.  The exterior entrance on the riverside

22  of the restaurant has vertical rise of approximately 1 ½ to 2

23  inches, which exceeds the ½ inch maximum beveled permitted by

24  code.  (2007-CBC; ADAAG §1133B.2.4.1; ADAAG §4.13.8.)  These

25  conditions makes it extremely difficult to impossible for

26  wheelchair users to cross in and out of the lobby, and/or to

27  access the deck on the river side.  Plaintiff is deterred from

28  returning by the continued existence of this barrier.  She

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— - 17 - —

1  demands that Defendants provide compliant threshold meeting the

2  requirements of the CBC and ADAAG.

3              v.   The bar has a height of approximately

4  42 inches AFF, and does not have any lower section, which is in

5  violation of the code that requires at least a 36 inch long

6  lower section of the counter.   (2007-CBC §1104B.5(4); ADAAG

7  §5.2.)  This barrier discriminates against Plaintiff's specific

8  disabilities by making it impossible to sit at the counter with

9  or without a companion, and mandates that the wheelchair user

10  sit alone at a table.  Plaintiff demands that Defendants provide

11  a lower section at the dining counter that is in compliance with

12  CBC/ADAAG requirements.

13              g.   **First Floor Facilities**

14              i.   Delta King Theatre:

15              1)   This theatre is part of the Delta

16  King experience, and is frequently enjoyed by hotel guests as

17  one of the companion amenities.   Unfortunately, the theatre

18  provides no complaint accessible and companion seating spaces,

19  which violates code.   (2007-CBC §1104B.3 et seq.; ADAAG

20  4.1.3(19), 4.33.2, 4.33.3, and 4.33.4.)  This failure acts to

21  exclude disabled patrons, or puts them in the uncomfortable

22  position of having to position themselves on the sloped aisle

23  or in the doorway, all in violation of fire code requirements.

24  This condition is among those at the Delta King that act to

25  deter Plaintiff rom returning.  She demands that the Defendants

26  provide disabled accessible seating and companion seating at a

27  variety of locations in compliance with CBC and ADAAG

28  requirements.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— - 18 - —

1          2)   The ramps going down into the
2  theater are approximated to be about 9 or 10 %, and without the
3  required elements for a code-compliant ramp being present.
4  (2007-CBC §1133B.5 et seq.; ADAAG §4.8 et seq.)  This condition
5  acts to exclude disabled persons, or to make it difficult to
6  reach a front row seat, etc.  Plaintiff's knowledge of this
7  barrier condition deters her from returning.  She demands that
8  Defendants provide a compliant path of travel throughout the
9  theater.

10          3)   The ticket counter for the Delta
11 King Theater is approximately 36 inches AFF and there's no
12 lower section.  This barrier condition violates code (2007-CBC
13 §1122B.5; ADAAG §7.2(2)) and denies the disabled the lowered
14 transaction counter they need for accessing the work surface
15 from their wheelchair.  Plaintiff would be affected by this
16 barrier in this manner, and is deterred from returning to the
17 Delta King partially by her knowledge of the existence of this
18 barrier.  She demands that Defendants provide compliant counter
19 facilities meeting the requirements of the CBC and ADAAG.

20          vi.   There are three raised cocktail
21 tables in the lobby area that are all set at approximately 42
22 inches AFF, and no lowered and accessible table has been
23 provided in contravention of code.  (2007-CBC §1122B.3; ADAAG
24 §4.32.3.)   This excludes wheelchair users.  Plaintiff is aware
25 of this barrier and it is among the conditions that deter her
26 return.  She demands that Defendants provide one accessible
27 table in this location that in conformance with CBC/ADAAG
28 requirements, ensuring that such table does not have a pedestal

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

1    or pedestal base or other obstruction located within the 19 inch

2    minimum depth required for knee space dimension.

3                           ii.   **Meeting Room.**  On the first floor on

4    the back (east end) of the boat, at the end of the boat with

5    the other cruise ship (Hornblower) opposite the theater end of

6    the boat is a large meeting room.

7                           1)   The meeting room with a slope

8    going into the meeting room of 4%, which exceeds the 2% maximum

9    specified by code.  This slope becomes a 4% cross-slope (which

10   is twice the maximum allowed) when the user attempts to access

11   the various paths of travel serving the room's various seating

12   locations.  This condition acts to exclude disabled persons, or

13   to make it difficult to impossible for them to reach their seat

14   unassisted.  Plaintiff's is deterred by this barrier condition

15   from returning.  She demands that Defendants provide a

16   compliant path of travel throughout the meeting room.

17                          2)   The ramp down to the meeting room

18   opposite the theater does not have handrails on either side,

19   nor does it have a compliant landing at the bottom.  It's only

20   about 48 inches before you run into the wall.  Both conditions

21   violate code.  (2007-CBC §1133B.5 et seq.; ADAAG §4.8 et seq.)

22   They inhibit a wheelchair user's ability to cross this space

23   safely.  Plaintiff is aware of this barrier condition and it is

24   among the overall conditions that deter her from returning to

25   the Delta King.  She demands that Defendants provide compliant

26   handrails and lower landing in compliance with CBC and ADAAG

27   requirements.

28                          iii.   **Public Restrooms.**  Plaintiff and her

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— - 20 - —

1    representatives have inspected the men's public restroom on the
2    first floor, but have not yet had an opportunity to inspect the
3    women's public restroom on this floor.   Therefore she alleges
4    on information and belief that the following conditions exist
5    in both the men's and women's public restrooms:

6                          1)   There is a slope from the door of
7    approximately 5%, which turns into a cross-slope as one turns
8    to reach amenities within the room, including the designated
9    accessible stall.   These conditions violate code (2007-CBC
10   §1115B.3.2; ADAAG § 4.22.3), and makes it much more difficult
11   for wheelchair users to navigate and position themselves at
12   fixtures, subjects them to hazard when making transfers, and
13   otherwise limits their overall mechanical and physical
14   endurance.   If these conditions exist in the Women's public
15   restroom, they would discriminate against Plaintiff in
16   identical ways. She demands that Defendants survey the women's
17   public restroom, and if appropriate install sleepers to raise
18   and level the floor to provide a level path of travel in
19   compliance with CBC and ADAAG requirements.

20                          2)   The door landing on the interior
21   is 36 inches in depth before being obstructed by a corner sink.
22   This is less than the 60 inch minimum required by code to
23   provide wheelchair users with the space required to position
24   themselves and their chair outside the swing when operating the
25   door.   (2007-CBC §§ 1127A.1 and 1127A.2; ADAAG §§ 4.13 and
26   4.22.2.)   If this condition exists in the Women's public
27   restroom, it would discriminate against Plaintiff in this
28   manner.   She demands that Defendants survey the women's public

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— - 21 - —

1  restroom, and if appropriate reconfigure the space to provide a

2  door landing that complies with CBC and ADAAG requirements.

3              3)   The stall door is a side entry

4  stall providing only 4 feet 9 inches in front of the toilet

5  instead of the 60 inches required by code. (2007-CBC § CBC

6  1115B.3.1 #4.2; ADAAG Fig. 30.)  This barrier discriminates

7  against wheelchair users by making it impossible to position

8  the chair appropriately to do a front transfer and also

9  inhibits the user's ability to exit the stall.  If this barrier

10 condition exists in the women's public restroom, it would

11 discriminate against Plaintiff in this manner.  She demands

12 that Defendants survey this condition in the women's public

13 restroom, and if appropriate reconfigure the front transfer

14 space in conformance with CBC/ADAAG requirements.

15             4)   The toilet is set about 15 inches

16 on center, instead of the 18 inch on-center dimension required

17 by the code. (2007-CBC §1115B.4.1(1); ADAAG Figure 28.)  This

18 barrier discriminates against wheelchair users by diminishing

19 the usability of the grab bar, and increasing the hazard that

20 Plaintiff has in making a transfer.  If this barrier exists in

21 the Women's public restroom, it would discriminate against

22 Plaintiff in this manner. She demands that Defendants survey

23 this condition in the women's public restroom, and if

24 appropriate reposition the toilet so that it is 18 inches on

25 center exactly from the wall on the narrow side in conformance

26 with CBC and ADAAG requirements.

27             5)   The height of the toilet seat is

28 only 15 inches, which does not comply with the 17 to 19 inch

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— - 22 - —

1  seat height range specified by code. (2007-CBC § 1127A.2.3(1);

2  ADAAG § 4.16.3 and Fig. 29(b).)   This condition makes it

3  difficult to impossible for most wheelchair users to perform a

4  safe transfer back into their wheelchair seat, which is

5  typically higher than 15 inches.   If this condition exists in

6  the women's public restroom on this floor, it would

7  discriminate against plaintiff and her specific seat height.

8  She demands that Defendants survey this condition in the

9  women's public restroom, and if appropriate provide a seat

10  height in conformance with CBC and ADAAG requirements.

11              6)   The sanitary seat cover dispenser

12  is mounted behind the toilet on the rear wall of the stall

13  directly adjacent to the toilet, which is not adjacent to the

14  30 X 48 inch clear floor space specified by the code. (2007-

15  CBC §§ 1127A.1(2); ADAAG §4.23.3.)   This barrier discriminates

16  against wheelchair users by reducing the usability of the

17  fixture because it is out of reach.   If this barrier condition

18  exists in the women's public restroom, it would discriminate

19  against Plaintiff in this manner. She demands that Defendants

20  survey this condition in the women's public restroom, and if

21  appropriate relocate the seat cover dispenser next to a clear

22  floor space and at a compliant height in compliance with CBC

23  and ADAAG requirements.

24              7)   There are no grab bars in the

25  available stall as required by code. (2007-CBC §1127A.2.2(4);

26  ADAAG §4.16.4.)   This condition makes it difficult to

27  impossible for wheelchair users to transfer, and represents a

28  significant safety hazard.   If this barrier condition exists in

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— - 23 - —

1    the women's public restroom, it would discriminate against
2    Plaintiff in this manner. She demands that Defendants survey
3    this condition in the women's public restroom, and if
4    appropriate provide grab bars in full compliance with CBC and
5    ADAAG requirements.

6                      8)   The toilet paper dispenser is
7    about 36 inches on center from the wall behind the toilet.  The
8    toilet paper holder is mounted on the side wall at a distance
9    exceeding the 12 inch maximum permitted by Title 24,
10   approximately 36 inches beyond the wall behind the toilet,
11   which exceeds the 36 inch maximum permitted by the ADAAG.
12   (2007-CBC §1115B.8.4; ADAAG Figure 30.)   This barrier
13   discriminates against wheelchair users by forcing them to
14   exceed the safe reaching distance, and increases the likelihood
15   that attempting to use this fixture will cause a fall.  This is
16   a hazardous condition.  If this barrier condition exists in the
17   women's public restroom, it would discriminate against
18   Plaintiff in this manner. She demands that Defendants survey
19   this condition in the women's public restroom, and if
20   appropriate reposition the toilet paper holder in conformance
21   with CBC/ADAAG requirements.

22                      9)   The distance between the side
23   face of the toilet and the wall on the wide side is
24   approximately 30 inches, instead of the 32 inch minimum
25   permitted by the code.    (2007-CBC §1115B.4.1(1); ADAAG
26   §4.16.2.)  This barrier discriminates against wheelchair users
27   by making it impossible to position the chair appropriately to
28   do a side transfer.  If this barrier condition exists in the

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— 24 —

1   women's public restroom, it would discriminate against

2   Plaintiff in this manner.  She demands that Defendants survey

3   this condition in the women's public restroom, and if

4   appropriate reconfigure the side transfer space in conformance

5   with CBC/ADAAG requirements.

6              10)  The landing in front of the stall

7   door is approximately 50 inches, which constitutes the larges

8   space available for turning around.  Hence there's no compliant

9   turn around space inside this restroom, making it difficult to

10  impossible for wheelchair users to turn around and exit the

11  bathroom.  If this barrier condition exists in the women's

12  public restroom, it would discriminate against Plaintiff in

13  this manner.  She demands that Defendants survey this condition

14  in the women's public restroom, and if appropriate reconfigure

15  the space to provide a turning space in compliance with CBC and

16  ADAAG requirements.

17             11)  The ADA signage on the exterior

18  of the door is missing.  The Title 24 signage is there but it

19  is mounted above the 60 inch on-center height.  Both of these

20  conditions, particularly the missing ADA signage, violate code.

21  (2007-CBC §1115B.6; ADAAG §4.30.6.)  Signage conditions

22  discriminate against all persons with disabilities by failing

23  to notify the individual that an accessible restroom facility

24  is available to them.  Plaintiff demands that Defendants

25  provide proper signage in conformance with CBC/ADAAG

26  requirements.

27             12)  The knee space underneath under

28  the sink is a triangular shape.  It only projects back about 12

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— - 25 - —

1    inches back from the face of the sink, instead of the 29 inch

2    minimum required by the code.  (2007-CBC §1115B.4.3(2); ADAAG

3    §4.19.2.)   This barrier discriminates against wheelchair users

4    by making it difficult to get under the sink without jamming

5    knees into the edge under the counter as she attempts to

6    position herself in a location to use the fixture.   This is a

7    hazardous condition to individuals such as Plaintiff who have

8    little to no feeling in their lower extremities.   She demands

9    that Defendants survey this condition in the women's public

10   restroom, and if appropriate raise the sink in compliance with

11   CBC and ADAAG requirements.

12               13)  The mirror is set at a height of

13   approximately 50 inches AFF, instead of the 40 inch maximum AFF

14   permitted by code.  (CBC (Aug. 09 rev.) §1115B.8.1.1; ADAAG

15   4.19.6.)   If this barrier exists in the Women's public

16   restroom, it would discriminate against Plaintiff in this

17   manner. She demands that Defendants survey this condition in

18   the women's public restroom, and if appropriate lower the

19   mirror to comply with CBC and ADAAG requirements.

20               14)  The towels are set at a height of

21   50 inches AFF, which exceeds the 40 inch maximum permitted by

22   code.  (2007-CBC §1115B.8.3; ADAAG §§ 4.27.3 and 4.2.5 & 6.)

23   This condition makes it difficult to impossible for seated

24   wheelchair users to access the amenity.   If this barrier exists

25   in the Women's public restroom, it would discriminate against

26   Plaintiff in this manner. She demands that Defendants survey

27   this condition in the women's public restroom, and if

28   appropriate reposition the paper towel holder to comply with

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— - 26 - —

1   CBC and ADAAG requirements.

2        **h.**  **Second Floor Facilities:**  The second floor

3   of the Delta King is below street level, and is access by means

4   of a ramp leading to an elevator, which takes you down to the

5   second floor dock.

6        i.  The ramp from the street level to the

7   elevator has a segment at the top that, on information and

8   belief, exceeds the 8.33% maximum permitted by code. (2007-CBC

9   §1133B.5 et seq.; ADAAG §4.8 et seq.).  This limits a

10   wheelchair user's ability to navigate the ramp, and otherwise

11   limits their mechanical and physical endurance.  On information

12   and belief, Plaintiff encountered this specific barrier and was

13   discriminated against in this manner.  She demands that

14   Defendants provide a ramp that is in full compliance with CBC

15   and ADAAG requirements.

16        ii.  In the lower level there is a path of

17   travel to the Hornblower Yacht.  Between the elevator and the

18   Hornblower, there is a ramp with a slope of approximately 12

19   degrees for a length of about 6 to 8 feet.  It is very steep

20   and hazardous to wheelchair users and affects them as described

21   in the preceding paragraph.  2007-CBC §1133B.5 et seq.; ADAAG

22   §4.8 et seq.).  On information and belief, Plaintiff

23   encountered this specific barrier and was discriminated against

24   in this manner.  She demands that Defendants provide a ramp

25   that is in full compliance with CBC and ADAAG requirements.

26        iii. The other direction there is a path of

27   travel to the entrance to the lower 2nd-floor level, where the

28   user may access the hotel lounge lobby, banquet rooms, meeting

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— 27 —

1   rooms, etc.   The path of travel has a slope that goes all the
2   way to the doors exceeds the maximum permitted by code for
3   readily accessible and usable wheelchair use of a ramp 2007-CBC
4   §1133B.5 et seq.; ADAAG §4.8 et seq.), and which fails to
5   provide a compliant level door landing.   (2007-CBC
6   §1133B.2.4.2; ADAAG at §4.13.6 & Figure 25.)   These barriers
7   discriminates against wheelchair users attempting to operate
8   the door to enter by making it difficult to impossible to
9   position their wheelchair in a stable level position in order
10  to operate the door, and thus makes it much more difficult to
11  go through the door independently.   On information and belief,
12  Plaintiff encountered this barrier and was discriminated
13  against in just such a manner.   Plaintiff demands that
14  Defendants reconfigure the area by providing a compliant ramp
15  and a level landing on the exterior side of the door, that has
16  no slopes or cross slopes exceeding 2.0% in any direction.

17              iv.   The Path of Travel out the second deck
18  door to the ramp to the dock has a greatly non-compliant
19  threshold at the end of the ramp of about an inch and half of
20  vertical rise, which violates code (2007-CBC; ADAAG
21  §1133B.2.4.1; ADAAG §4.13.8) and discriminates against
22  wheelchair users such as Plaintiff as previously described.
23  She demands that Defendants provide a threshold that is
24  compliant with CBC and ADAAG requirements.

25              v.   **Advisory:** The stairs have open risers,
26  and its handrails have a 2 ½ inch rectangular section.   The
27  former condition constitutes a tripping hazard prohibited by
28  code, and the later limits the graspability of the handrail in a

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— - 28 - —

1  manner prohibited by code.   These conditions discriminate
2  against semi-ambulatory persons.

3                    **vi.   Second Floor Lobby:**

4                    1)   At the top of the stairway
5  leading to the Delta King Theatre there is a second ticket
6  counter.   It is approximately 55 inches with no lower section
7  provided.   This barrier condition violates code (2007-CBC
8  §1122B.5; ADAAG §7.2(2)) and denies the disabled the lowered
9  transaction counter they need for accessing the work surface
10 from their wheelchair.   Plaintiff would be affected by this
11 barrier in this manner, and is deterred from returning to the
12 Delta King partially by her knowledge of the existence of this
13 barrier.   She demands that Defendants provide compliant counter
14 facilities meeting the requirements of the CBC and ADAAG.

15                  vii. **Sutter Room** (on the River side)

16                    1)   A running slope of 7 % comes all
17 the way up to the door.   Their is cross-slope across on the
18 floor that is about 5%, maybe 6%, which is quite excessive.
19 Both conditions violate code.   (2007-CBC §1133B.5 et seq.;
20 ADAAG §4.8 et seq.)  They discriminate against wheelchair users
21 by making it difficult to navigate the room to the amenities,
22 and otherwise limit their daily mechanical and physical
23 endurance.   Plaintiff would be affected by this barrier in this
24 manner, and is deterred from returning to the Delta King
25 partially by her knowledge of the existence of this barrier.
26 She demands that Defendants reconfigure the accessible route
27 and normal paths of travel within this room to comply with the
28 requirements of the CBC and ADAAG.

**Thimesch Law Offices**
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— - 29 - —

1    2)   The door has knob handle on the
2  door instead of the lever-type specified by code.   (CBC
3  1133B.2.5.2; ADAAG § 4.13.9.) This condition makes it difficult
4  for wheelchair users to operate both the door hardware and
5  their chair simultaneously in the effort to open the door.
6  This condition would discriminate against Plaintiff in this
7  manner, and among the barrier conditions at the Delta King this
8  deters her return.

9    viii. **Second Floor Public Restrooms.**   On
10  information and belief, the following or similar barriers found
11  to exist in the Men's room also exist in the Women's Public
12  Restroom, which has not yet been inspected:

13    1)   There is no ADA signage on the
14  exterior of this door.   (ADAAG §4.30.6.)   This barrier
15  discriminates against all persons with disabilities by failing
16  to notify the individual that an accessible restroom facility
17  is available to them.   Plaintiff demands that Defendants
18  provide proper signage in conformance with CBC/ADAAG
19  requirements.

20    2)   The landing on the interior side
21  of the restroom door has a slope of about 4.3%. There is also
22  an equivalent slope is in front of the urinal fixture that
23  continues as an equivalent cross-elope all the way through the
24  restroom to and within the accessible stall.   This slope and
25  cross-slope exceeds the 2% maximum permitted by code (2007-CBC
26  §1115B.3.2; ADAAG § 4.22.3), and makes it much more difficult
27  for wheelchair users to navigate and position themselves at
28  fixtures, subjects them to hazard when making transfers, and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— - 30 - —

1   otherwise limits their overall mechanical and physical

2   endurance.  If these conditions exist in the Women's public

3   restroom, they would discriminate against Plaintiff in

4   identical ways. She demands that Defendants survey the women's

5   public restroom, and if appropriate install sleepers to raise

6   and level the floor to provide a level path of travel in

7   compliance with CBC and ADAAG requirements.

8               3)  This is a side entry stall.

9   There's 44 inches in front of the toilet instead of the 60 inch

10   minimum required by code.  (2007-CBC § CBC 1115B.3.1 #4.2;

11   ADAAG Fig. 30.)  This barrier discriminates against wheelchair

12   users by making it impossible to position the chair

13   appropriately to do a front transfer and also inhibits the

14   user's ability to exit the stall.  If this barrier condition

15   exists in the women's public restroom, it would discriminate

16   against Plaintiff in this manner.  She demands that Defendants

17   survey this condition in the women's public restroom, and if

18   appropriate reconfigure the front transfer space in conformance

19   with CBC/ADAAG requirements.

20               4)  The toilet is set on-center

21   approximately 17 ½ inches from the fixed wall on one side,

22   instead of the 18 inch on-center dimension required by the

23   code.  (2007-CBC §1115B.4.1(1); ADAAG Figure 28.)  This barrier

24   discriminates against wheelchair users by diminishing the

25   usability of the grab bar, and increasing the hazard that

26   Plaintiff has in making a transfer.  If this barrier exists in

27   the Women's public restroom, it would discriminate against

28   Plaintiff in this manner.  She demands that Defendants survey

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— 31 —

1   this   condition   in   the   women's   public   restroom,   and   if

2   appropriate reposition the toilet so that it is 18 inches on

3   center exactly from the wall on the narrow side.

4                         5)   There is a grab bar on the side

5   wall, the leading edge of which projects approximately 45

6   inches from the rear wall of the stall, which is less than the

7   54 inch minimum required by the code.  (ADAAG §4.17.6 and

8   Figure 30.)   It also projects less than the 24 inch minimum

9   projection required by the code. (2007-CBC §1115B.4.1(3)(3.1).)

10  This barrier discriminates against wheelchair users by reducing

11  the usability and effectiveness of the grab bar in getting onto

12  and off the fixture.   If this barrier exists in the Women's

13  public restroom, it would discriminate against Plaintiff in

14  this manner. She demands that Defendants survey this condition

15  in the women's public restroom, and if appropriate reposition

16  the grab bar so that it projects appropriately in front of the

17  toilet in conformance with CBC and ADAAG requirements.

18                         6)   The coat hook is approximately 72

19  inches, which exceeds the 48 inch maximum permitted by code for

20  a side approach.   (2007-CBC §1118B.5; ADAAG §4.27.3.)   This

21  height makes it difficult to impossible for the seated

22  wheelchair user to reach.   On information and belief, this

23  condition exists in the women's restroom, and is therefore

24  among the overall barrier conditions that deter Plaintiff from

25  returning.   She demands that Defendants provide a compliant

26  coat hook meeting the requirements of the CBC and ADAAG.

27                         7)   The mirror is set at a height of

28  approximately 54 inches, instead of the 40 inch maximum AFF

**Thimesch Law Offices**
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— - 32 - —

1    permitted by code.   (CBC (Aug. 09 rev.) §1115B.8.1.1; ADAAG

2    4.19.6.)   If this barrier exists in the Women's public

3    restroom, it would discriminate against Plaintiff in this

4    manner. She demands that Defendants survey this condition in

5    the women's public restroom, and if appropriate lower the

6    mirror to comply with CBC and ADAAG requirements.

7                        8)   The paper towel holder is

8    probably 60 inches, which is higher than the 40 inch maximum

9    permitted by code.   (2007-CBC §1115B.8.3; ADAAG §§ 4.27.3 and

10   4.2.5 & 6.)   This condition makes it difficult to impossible

11   for seated wheelchair users to reach and use the dispenser.   If

12   this barrier exists in the Women's public restroom, it would

13   discriminate against Plaintiff in this manner. She demands that

14   Defendants survey this condition in the women's public

15   restroom, and if appropriate reposition the paper towel holder

16   to comply with CBC and ADAAG requirements.

17                        ix.   Meeting Room: On the dock side of

18   floor two, and just inside the door from the dock there, is a

19   meeting room whose entrance door has a strike edge of about 8

20   inches, which is far below the 18 inch minimum required by

21   code.   (2007-CBC §1133B.2.4.3; ADAAG at §4.13.6 & Figure 25.)

22   This barrier discriminates against wheelchair users by making

23   it impossible to position the wheelchair a location where the

24   door can swing upon without striking the chair, and makes it

25   much more difficult, if not impossible, to go through the door

26   independently.   Plaintiff is deterred from returning by the

27   existence of this barrier.   She demands that Defendants

28   reconfigure the vestibule, or the swing of the door, to provide

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1
— - 33 - —

1   no less than 18 inches of strike side clearance on the side to

2   which the door swings, and in full conformance with CBC and

3   ADAAG requirements.

4       **i.   Third & Fourth Floor and Other Path of**

5   **Travel Related Issues:**

6           i.   **Vertical Means of Access:** A second

7   "Bar and Grill" is located upstairs without any vertical means

8   of access provided. (2007-CBC §§ 1111B.3 and 1124A, 1104B.4.3

9   and 1132B.2; ADAAG 4.1.3, and 4.3.2 (3).) The same is true of

10  the uppermost deck of the ship where the premium suite is

11  located. The elevator shaft that serves the lower three

12  floors, and that might otherwise continue to serve these two

13  upper floors, appears to be interrupted by guestroom or other

14  facilities. The absence of a vertical means of access serves

15  to entirely exclude disabled persons from these decks and their

16  facilities. Plaintiff is deterred by this barrier. She

17  demands that Defendants provide a vertical means of access as

18  required by the CBC and ADAAG.

19          ii. **Door Pressure.** On information and

20  belief, the push pressure required to operate the doors serving

21  all entrances to the Hotel and its facilities exceed the 5 lbs.

22  maximum permitted by code, and is typical. (2007-CBC

23  §1133B.2.5.) This barrier discriminates against persons with

24  disabilities whose physical condition requires the use of a

25  wheelchair for mobility, such as Plaintiff and her specific

26  disabilities (hereafter referred to with the short handle

27  "wheelchair users") by making it more difficult to impossible

28  to go through the door without assistance. On information and

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

Exhibit 1
— 34 —

1  belief, Plaintiff encountered many of these entry-pressure

2  conditions and was discriminated against in just such a manner.

3  Plaintiff demands that Defendants adjust these entrances so

4  that the amount of push pressure required to operate is no more

5  than 5 lbs.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

Exhibit 1