Charles L. Post, State Bar No. 160443
Donna L. Holtz, State Bar No. 186134
**weintraub tobin** chediak coleman grodin
LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, CA  95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile
Email:  cpost@weintraub.com

Attorneys for Defendant
RIVERBOAT DELTA KING, INC.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN D'LIL,<br><br>    Plaintiff,<br><br>vs.<br><br>RIVERBOAT DELTA KING, INC.; CITY OF SACRAMENTO, OLD SACRAMENTO BUSINESS ASSOCIATION, INC., and DOES 1 THROUGH 50, inclusive<br><br>    Defendants. | Case No. 2:11-CV-02230-WBS-JFM<br><br>**STIPULATED PROTECTIVE ORDER; ORDER THEREON** |

Subject to the approval of this Court, plaintiff HOLLYNN D'LIL ("Plaintiff) and defendants RIVERBOAT DELTA KING, INC. and CITY OF SACRAMENTO (collectively "Defendants") (hereinafter the "Parties"), hereby stipulate and agree to enter into the following "Protective Order" that will apply to confidential information and documents produced in this litigation.

The Parties agree that the entry into this Protective Order regarding the disclosure of Confidential Information by any officer, director, manager or employee of Riverboat Delta King, Inc. shall not constitute a consent to jurisdiction of the Court by Riverboat Delta King, Inc.

1. **Confidential Information**: Confidential information ("Confidential

1 Information") shall mean any confidential business or commercial information, including,
2 but not limited to, trade secrets and other confidential and proprietary research,
3 development, and commercial information, as well as non-public financial information
4 and/or information protected by the right to privacy under any state or federal law, and
5 shall include all discovery responses provided by any party to this action, including
6 without limitation any document produced, any interrogatory answered, any response to
7 a request for admission, or any deposition testimony given by a party or a third-party
8 witness, whether or not such information is specifically marked, labeled, stamped or
9 otherwise designated as "Confidential" by the producing party.  Confidential Information
10 shall also include any document attached as an exhibit to a pleading filed with or
11 otherwise submitted to the Court which has been specifically marked, labeled, stamped or
12 otherwise designated as "Confidential" by the submitting party.  The parties anticipate
13 that certain third party witnesses may be required to produce documents and provide
14 testimony under subpoena in this case ("Producing Witnesses").  They may also be
15 required to produce documents in this case which the Producing Witnesses, in good faith,
16 regard as trade secret, confidential, sensitive, proprietary or private.

17     2. **<u>Confidential Documents</u>**: For documents, materials, and other tangible
18 items , a party or Producing Witness shall designate such information as Confidential
19 Information by stamping each page or item containing Confidential Information as
20 "Confidential."  Where there are multiple-page documents, stamping the first page of the
21 multiple-page document with the word "Confidential" will be sufficient to designate the
22 entire document with the designation contained on the first page.

23     a. For deposition testimony (including transcripts and videotapes), a
24 party or Producing Witness can either designate such Confidential Information as
25 "Confidential" on the record, or within ten days after receipt of the deposition by
26 providing written notification to the opposing counsel or other counsel of the
27 designation of particular pages and line numbers of the deposition as "Confidential."
28 Such party or Producing Witness may require the reporter to label the portions of the

transcript containing the information as "Confidential."

   b. For information maintained in computer-readable or electronic media such as diskettes, a party or Producing Witness shall designate such information as "Confidential" by stamping the appropriate designation on the outside of the diskette or other information containing the computer-readable or other electronic information.

   A party's or Producing Witness's inadvertent or unintentional failure to designate information as "Confidential" shall not be deemed a waiver in whole or in part of that party's or Producing Witness's claim of confidentiality of the disclosing party or Producing Witness provided the disclosing party or Producing Witness takes prompt action after discovery of such omission to notify all parties in writing that such information constitutes "Confidential" information. Nothing contained herein shall preclude a party from showing its information that the party has previously designated as "Confidential" information to any person or entity it chooses.

   3. Except with prior written consent of the party who authored, created, produced or otherwise generated such information, information marked, labeled, stamped or otherwise designated as "**Confidential**" (including, but not limited to, summaries, copies, or extracts thereof) shall not be shown or disclosed to anyone except the following parties:

   a. The parties and parties' counsel of record and their co-counsel, In-house or outside attorneys for a party, and employees of such attorneys if any, as well as their respective support staff, clerical and/or administrative personnel, secretaries and paralegals;

   b. Deponents in a deposition;

   c. Any person who is expressly retained by a party, or such party's counsel for the sole purpose of providing expert consultation of testimony in this action;

   d. Any person or entity who is expressly retained by a party, or such party's counsel to provide investigative services in connection with this action;

   e. The Judge, Arbitrator or a court-appointed mediator in this action,

and other court personnel; and

  f. Certified court reporters acting as such.

 4. The Designating Party has the burden upon receiving an objection by any other Party, of showing that the designated Discovery Material is entitled to protection under Federal and/or California law. Any Party may object to any Party's designation of the Discovery Material under this Protective Order in writing delivered to counsel for the Designating Party, and a Party does not waive his right to object to confidentiality designation by electing not to object promptly after the original designation is disclosed.

  a. Within fourteen (14) business days of the service of a written objection, the Designating Party shall either meet and confer and obtain a stipulation from the objecting party that the objected material shall remain confidential, or falling that, move for a protective order. However, if the Designating Party fails to move for the Protective Order within 14 days of his receipt of an objection, the claim of confidentiality shall be deemed waived in its entirety as to the particular designated material that is objected to, this Stipulation shall have no effect as to such material, and the Objecting Party may ignore the marking of "Confidential…" on such material. Each Motion for a Protective Order must be accompanied by a competent declaration that attaches a copy of the written objection by the challenging Party and the written explanation by the designating Party.

  b. At all times, the burden of persuasion in any motion proceeding shall remain on the Designating Party. Until the court rules on the Motion for a Protective Order, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

 5. The Parties counsel of record, for themselves and for their co-counsel, if any, agree to be bound by the terms and conditions of this Protective Order. Before providing "Confidential" information to any other person or entity as described in sub-paragraphs 3c and 3d, above, the parties of counsel providing such "Confidential" information, shall first advise the recipients that such information is being disclosed

1 pursuant to and subject to the terms of this Protective Order, and that the sanctions for
2 any violation of the Protective Order include penalties which may be imposed by the
3 Court for contempt. Such persons shall also be advised of the terms of this Protective
4 Order, be provided with a copy of this Protective Order and execute a Non-Disclosure
5 Agreement in the form attached hereto as "Exhibit A" prior to being provided such
6 information. Furthermore, such information shall be provided subject to the limitations
7 and restrictions of paragraph 10, below.

8      6.    All persons having access to "Confidential" information authored, created,
9 produced or otherwise generated by an adverse party, shall treat such information and/or
10 document as strictly confidential and shall not permit access to such information except
11 as specifically authorized by this Protective Order. Said information shall not be
12 discussed with anyone other than the counsel seeking permission to disclose the
13 information pursuant to paragraph 6, and such information shall be used solely for the
14 prosecution or defense of this action and not for any business or any other purpose
15 whatsoever, including without limitation, the prosecution or defense of any other
16 arbitration, litigation or other proceeding or the investigation or assertion, in any form or
17 forum whatsoever, of any claim, counterclaim or other cause of action not asserted in the
18 present action. Nor shall such information be used by the parties' counsel, directly, or
19 indirectly, to solicit new litigation business or to enter into new client relationships.

20      7.    A party who intends to file a pleading, brief, transcript or other document
21 with the Court that contains, refers to or attaches Confidential Information shall comply
22 with the Federal Rules of Civil Procedure and/or the Local Rules of the Eastern District of
23 California, as applicable, regarding the filing of documents under seal.

24      8.    Nothing in the Protective Order shall prevent any party from:
25      a.    seeking a modification of this Protective Order for good cause
26 shown, provided, however, that any modification which permits broader disclosure of
27 "Confidential" information than that contemplated herein shall require the approval of
28 the Court and shall be formulated in such a way as to minimize the disclosure of such

**weintraub tobin** chediak coleman grodin
law corporation

1  information and to provide adequate safeguards against the improper use of such
2  material;

3        b.    requesting such supplemental orders as may be necessary to
4  implement the intention of this Protective Order; or

5        c.    objecting to discovery which it believes to be otherwise improper.

6      9.    Nothing in this Protective Order shall be construed to require the disclosure
7  of information, documents or other tangible things that are protected from disclosure by
8  the attorney-client privilege, the attorney-work product doctrine or any other applicable
9  privilege or immunity.  A producing party may produce a redacted version of information,
10  documents or things that it contends is protected from disclosure by the attorney-client
11  privilege, the attorney-work product doctrine or any other identified, applicable privilege
12  or immunity, identifying where the privileged or immune material was redacted with the
13  designation "Redacted-Privileged."  In the event that a Party inadvertently or mistakenly
14  produces information, documents or tangible things that are protected from disclosure
15  under the attorney-client privilege, the attorney-work product doctrine or any other
16  identified, applicable privilege or immunity, such production shall not prejudice such
17  claim or otherwise constitute a waiver of any claim of attorney-client privilege, attorney-
18  work product doctrine or other indentified, applicable privilege or immunity.  A producing
19  Party may promptly (from the time when the producing party discovers that is has
20  inadvertently or mistakenly produced such information) notify all receiving Parties of the
21  inadvertent production in writing and request that the inadvertently produced
22  information, documents or tangible things be returned to the Producing Party.  Within
23  three (3) business days of receiving such notice and request, all receiving Parties shall
24  return or destroy the inadvertently or mistakenly produced information, documents or
25  tangible things identified by the producing Party.  The receiving Party may retain one
26  copy of such material for the sole purpose of submitting the material to the Court under
27  seal in connection with the receiving Party's challenge to the producing Party's claim that
28  such information, documents or tangible things are protected from disclosure by the

weintraub tobin chediak coleman grodin
law corporation

attorney-client privilege, the attorney-work product doctrine or any other identified, applicable privilege or immunity.

10. With the exceptions of waiver as provided for in Paragraph 4(a), and at the time of trial, the obligation to maintain the confidentiality of "Confidential" information shall continue indefinitely following the final disposition of this action, unless and until the party who authored, created or otherwise generated such "Confidential" information consents in writing to its disclosure or such information is published or disseminated to the general public by said party.

11. This Protective Order shall not apply to the disclosure of Confidential Documents or the information contained therein at the time of trial, through the receipt of Confidential Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties.

12. All "Confidential Documents" produced or disclosed in this action shall be used solely for the purposes of preparation for and the trial of this action. Under no circumstances shall information or materials covered by this Order be disclosed to anyone other than those persons set forth in paragraphs 3, above. All Confidential Documents shall be maintained under the control of and accounted for by the attorney, party or other entity or person receiving them. Upon entry of judgment or dismissal of this action, any attorney, party or other entity or person receiving any Confidential Document shall promptly: (1) return to counsel for the producing party all Confidential Document produced in this action or provide certification of destruction of all Confidential Documents and all documents incorporating information from Confidential Documents, and all copies made thereof, including all documents or copies of documents provided by the party to any other person, other than attorney work product; (2) return or provide certification of destruction of all DVDs, CDs or other media containing or incorporating Confidential Documents; (3) return or provide certification of destruction of

1 all Confidential Documents and all documents incorporating information from
2 Confidential Documents, and all copies made thereof, including all documents or copies
3 of documents provided by the party to any other person, other than attorney work
4 product that has been stored on any portable media (DVD, CD, USB flash drive, etc.); (4)
5 provide certification of deletion of Confidential Documents and all documents containing
6 information from Confidential Documents, and all copies made thereof, including all
7 documents or copies of documents provided by the party to any other person from all
8 systems, applications, hard drives, servers, web-based or other storage repositories of any
9 type; and (5) provide assurance that no steps will be taken at any time in the future to
10 restore deleted Confidential Documents and all documents containing information from
11 Confidential Documents, and that any inadvertent violation of this assurance and steps
12 taken to remedy it will be promptly reported to the other party.  Independent experts and
13 consultants retained by a party for the preparation or trial of this case that have received
14 Confidential Documents shall return to the producing party or provide certification of
15 destruction of all Confidential Documents and all documents incorporating information
16 from Confidential Documents, and all copies made thereof, including all documents or
17 copies of documents provided by the party to any other person, other than attorney work
18 product.  Notwithstanding the foregoing, outside counsel of record may retain copies of
19 briefs and other papers filed with the Court as well as attorney work-product that
20 contains or constitutes "Confidential" Information so long as such briefs and other papers
21 are maintained in confidence in accordance with the provisions of this Protective Order.
22 Furthermore, each outside counsel of record may retain a litigation set of all materials
23 produced during discovery in this action, including documents and tangible items
24 containing Confidential Information, so long as that counsel maintains the confidence of
25 those archived discovery materials in accordance with the requirements of this Protective
26 Order.
27       13.    This Protective Order and any modification hereof may be enforced by the
28 Court and any violation may be remedied by payment of such sums as the Court deems

weintraub tobin chediak coleman grodin law corporation

1 | appropriate.

2 |     IT IS SO STIPULATED:

3 | Dated: September 12, 2012      **weintraub tobin** chediak coleman grodin
LAW CORPORATION

By: /s/ Donna L. Holtz
    Donna L. Holtz
    Attorneys for Defendant
    Riverboat Delta King, Inc.

Dated: September 12, 2012      THIMESCH LAW OFFICES

By: /s/ Timothy S. Thimesch
    Timothy S. Thimesch
    Attorneys for Plaintiff HOLLYNN D'LIL

Dated: September 12, 2012      SANDRA G. TALBOTT, Interim City Attorney
KATHLEEN T. ROGAN, Sr. Deputy

By: /s/ Kathleen T. Rogan
    Kathleen T. Rogan
    Attorneys for Defendant
    CITY OF SACRAMENTO

**ORDER**

Pursuant to the stipulation of the parties as set forth above, and good cause appearing therefore, IT IS SO ORDERED.

**Date:  10/16/2012**

_____
UNITED STATES MAGISTRATE JUDGE

;dlil2230.po

**EXHIBIT A**

## ACKNOWLEDGEMENT OF RECEIPT
## AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ hereby certify that I have read the Protective Order entered by the Court in the action entitled: HOLLYNN D'LIL v. RIVERBOAT DELTA KING, INC.; et al., Case No. 2:11-CV-02230-WBS-JFM and agree to be bound by all of its terms as they apply to me.

I further certify I will fully comply with the Order and all of its terms and restrictions as such shall apply to me.  I agree that I shall (i) not disclose Confidential Documents or any information contained therein to anyone other than persons permitted to have access to such material pursuant to the terms and restrictions of the Order, (ii) not use the Confidential Documents or any information contained therein for any purpose other than this litigation, and (iii) maintain the appropriate security as to Confidential Documents or any information contained therein made available to me and restrict access thereto.  I further agree that, upon termination of this action, or sooner if so requested, I shall return to counsel for the Producing Party, all Confidential Documents provided to me, including all paper and electronic copies and excerpts thereof.

I understand that violation of these conditions of the Order may be punishable by contempt of Court and I waive any objection to the Court's jurisdiction in any action to enforce the obligations imposed on me by the Order.

Dated:_____          _____
                                        Name

                                        _____
                                        Address

                                        _____
                                        City, State, Zip

                                        Phone: _____