1  JAMES SANCHEZ, City Attorney (SBN 116356)
   **KATHLEEN T. ROGAN, Senior Deputy City Attorney (SBN 186055)**
2  KRogan@cityofsacramento.org
   CITY OF SACRAMENTO
3  915 I Street, Room 4010
   Sacramento, CA  95814-2608
4  Telephone:  (916) 808-5346
   Telecopier:  (916) 808-7455
5
   CHARLES L. POST, SBN 160443
6  weintraub tobin chediak coleman grodin
   LAW CORPORATION
7  400 Capitol Mall, 11th Floor
   Sacramento, CA 95814
8  (916)558-6000 – Main
   (916) 346-611 – facsimile
9  Email: cpost@weintraub.com

10  THIMESCH LAW OFFICES
    TIMOTHY S. THIMESCH, Esq. (SBN 148213)
11  158 Hilltop Crescent
    Walnut Creek, CA 94597
12  Direct: (925) 588-0401
    Facsimile: (888) 210-8868
13  tim@thimeschlaw.com
    genefarber@gmail.com
14

15

16  Attorneys for the CITY OF SACRAMENTO

17

18                UNITED STATES DISTRICT COURT

19              EASTERN DISTRICT OF CALIFORNIA

20

| | |
|---|---|
| 21  HOLLYNN D'LIL | Case No.:  2:11-CV-02230-WBS-AC |
| 22                    Plaintiff, | **STATUS, STIPULATION AND [~~Proposed~~] ORDER TO MODIFY CURRENT SCHEDULING ORDER** |
| 23       vs. | |
| 24  RIVERBOAT DELTA KING, INC., CITY OF SACRAMENTO, OLD SACRAMENTO BUSINESS ASSOCIATION, INC., AND DOES 1 THROUGH 50, INCLUSIVE | |
| 27                    Defendant. | |

1

**TO THE COURT:**

As the court is aware, the parties have previously sought to modify the scheduling order on several occasions.  The parties are aware that the court looks upon requests for continuances with disfavor and, accordingly, do not seek continuances capriciously. However, a recent occurrence significantly impacts the case and all parties agree that a 120 day extension on all pending deadlines, including the trial date, is necessary.

A.  Status of Discovery

On May 24, 2012, Plaintiff served subpoenas for documents on two City departments, Community Development Building and Community Development Planning Division.  The subpoena included twenty-one requests, including building, planning, zoning permits, and blueprints for the Delta King boat hotel located at "1000 Front Street."  In order to gather the responsive documents, the City provided the subpoena to the City Clerk's Office, as that is the current procedure.  The City Clerk's office is responsible for searching for documents regardless of the department from which they are sought because the departments have been instructed to provide all of their files not currently in use to the Clerk so that they can be scanned and categorized as part of the Clerk's efforts to centralize and improve the City's document management system.  Admittedly, few documents were found.

Shortly after Plaintiff served her subpoena, co-defendant Delta King served two Public Records Act (PRA) requests on the City.  The PRA issued on August 27, 2012 sought all records reflecting or discussing disabled person access to the Delta King Hotel.  The second, issued on September 20, 2012, sought all records relating to the application, consideration, and issuance of any building or occupancy permits concerning the Delta King; records related to the conversion of the Delta King; and all records associated with 1350 Front Street related to the Delta King.

STATUS AND STIPULATION AND [PROPOSED] ORDER TO
MODIFY CURRENT SCHEDULING ORDER

320923

As has been City practice for the since October 2011, both PRAs were directed to the City Clerk's office for a response.  A new, inexperienced employee handled the search through the Citywide Content Management (CCM) system and the ACCELA system.  The Clerk Office produced those documents which were located and determined responsive.

None of the searches revealed City approved plans for the renovation of the Delta King nor any other type of correspondence or construction records.  The absence of these documents was frustrating and hampered the progress of the case.  Such documents could be the best evidence of the extent to which permission and exceptions were granted, if at all, with respect to disabled access to and within the Delta King and the ramps leading thereto.  Given witness testimony as to the existence of City approved plans and other documents, the parties believed that additional City documents might exist - somewhere.

As the discovery closure date drew near, Plaintiff served another document demand on the City seeking 53 categories of documents as well as the Person Most Knowledgeable to testify as to the way in which the search was conducted.  One of the requests again sought any blueprints, plans, or construction records for the Delta King.  The demand and deposition notice was sent to the City Clerk's office.  Because testimony would be required, the search was conducted by Assistant City Clerk Wendy Klock-Johnson.  Klock- Johnson has been with the City 10 years and has a total of 15 years' experience in records management.  She is also responsible for the current program in which all of the microfisched images from the 1980s are being digitized as well as being an experienced researcher.

By this point, several witnesses had testified that they believed the building department records had been transferred to microfische at some point in the past.  This fact as well as the parties' consternation with the dearth of records thus far produced and the belief that there

STATUS AND STIPULATION AND [PROPOSED] ORDER TO
MODIFY CURRENT SCHEDULING ORDER

320923

1   must be more was conveyed to Klock-Johnson.

2   A search of the CCM yielded two certificates of occupancy with the listed address of

3   1000 Front Street, the permit numbers appeared older than the others and unfamiliar as she

4   had not noted other records in the production relating to the permit numbers. Klock-Johnson

5   conducted a search in ACCELA by permit number which produced a record listing the

6   address as 1350 Front Street, not 1000 as indicated on the certificate of occupancy. The

7   ACCELA file for 1350 Front Street indicated that additional records could be found on

8   microfische. When she continued the search for 1350 Front Street in the microfische, Klock-

9   Johnson located several sets of City plans for the renovation of the Delta King.  These are

10  plans that were not previously located and have not yet been seen by the parties.

11  Plaintiff's previous subpoena sought documents for 1000 Front Street.  However, Delta

12  King's PRA did seek plans for 1350 Front Street.  Klock-Johnson has investigated the public

13  record request work flow and determined that the original search for documents responsive

14  to the PRA was done by a new and inexperienced employee who apparently was not as

15  skilled at navigating the microfische and the computer programs. That person was employed

16  by the City for a total of nine months, she left in July 2013.

17  Thus far, Klock-Johnson has located nine new types of documents responsive to

18  Plaintiff's request, including three sets of plans, minutes, permits, council reports, and code

19  enforcement documents.  She is continuing to search the approximately 1.8 million frames of

20  uncategorized microfische and believes she is likely to locate additional documents.

21  However, the impact of locating City approved plans is significant.  The parties need time to

22  review and digest the material.  The deposition of Michael Coyne, set for August 9th, has

23  been continued to allow the parties time to understand the plans prior to commencing the

24  deposition.

STATUS AND STIPULATION AND [PROPOSED] ORDER TO
MODIFY CURRENT SCHEDULING ORDER

320923

1

2
Expert reports are due on August 15, 2013.  However, the information in the plans may significantly modify the experts' opinions.  Additional time is needed so that each expert can review the information, confer with counsel, and modify the reports if necessary.

3

4

5
Because of this significant discovery, the parties respectfully request a 120 day extension of the trial and pre-trial related dates as follows:

6

7

8

9

10

11

12

13

14

15

16

17

18

19

| Deadlines and Dates | Current | Proposed |
| --- | --- | --- |
| Completion of Discovery and related motions | August 5, 2013 | December 5, 2013 |
| Expert Disclosure w/reports | August 15, 2013 | December 16, 2013 |
| Rebuttal expert disclosure w/ reports | August 25, 2013 | January 6, 2014 |
| Expert discovery cutoff and related motions | September 15, 2013 | February 18, 2014 |
| Last day to file all motions but for continuances and TROs | November 6, 2013 | March 6, 2014 |
| File individual Pretrial Conf. Statements | Plaintiff- Jan.13, 2014 | Plaintiff May 14, 2014 |
|  | Defendants January 20, 2014 | Defendants May 21, 2014 |
| Final Pretrial Conference | January 27, 2014 | **May 27, 2014 At 2:00 p.m.** |
| Trial (5 days) | March 24, 2014 | **July 22, 2014 at 9:00 a.m.** |

20

21

22

23

24
**SO STIPULATED.**

25
Dated:  August 9, 2013                          THIMESCH LAW OFFICES

26

27
BY_____authorized_____
**TIMOTHY S. THIMESCH**

28

STATUS AND STIPULATION AND [PROPOSED] ORDER TO
MODIFY CURRENT SCHEDULING ORDER

320923

1

2
3

           Attorneys for Plaintiff
           HOLLYN D'LIL

DATED:  August 9, 2013         WEINTRAUB, GENSHLEA CHEDIAK
           TOBIN & TOBIN

4

5

By:_____authorized_____
      **CHARLES L. POST**

6

7

      Attorneys for the Defendant
      RIVERBOAT DELTA KING, INC.

8

DATED:  August 9, 2013         JAMES SANCHEZ,
           City Attorney

9

10

By:___/s/Kathleen R. Rogan_____
      **KATHLEEN T. ROGAN**
      Senior Deputy City Attorney

11

12

      Attorneys for the Defendant
      CITY OF SACRAMENTO

13

14

15
**IT IS SO ORDERED**.

16
Dated:  August 12, 2013

17

_William B. Shubb (signature)_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

STATUS AND STIPULATION AND [PROPOSED] ORDER TO
MODIFY CURRENT SCHEDULING ORDER

320923