Charles L. Post, State Bar No. 160443
cpost@weintraub.com
Scott M. Plamondon, State Bar No. 212294
splamondon@weintraub.com
Chelcey E. Lieber, State Bar No. 252397
clieber@weintraub.com
**weintraub tobin** chediak coleman grodin
LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, CA  95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile
Email:  cpost@weintraub.com

Attorneys for Defendant
RIVERBOAT DELTA KING, INC.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN D'LIL,<br><br>       Plaintiff,<br><br>       vs.<br><br>RIVERBOAT DELTA KING, INC.; CITY OF SACRAMENTO, OLD SACRAMENTO BUSINESS ASSOCIATION, INC., and DOES 1 THROUGH 50, inclusive<br><br>       Defendants. | Case No. 2:11-CV-02230-WBS-JFM<br><br>DEFENDANT RIVERBOAT DELTA KING'S NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION, OR ALTERNATIVELY, MOTION FOR STAY<br><br>[FRCP Rule 56; L.R. 230 and 260]<br><br>Date:   September 8, 2014<br>Time:   2:00 p.m.<br>Courtroom 5:<br>Judge:  Hon. William B. Shubb<br><br>Complaint Filed:  August 23, 2011 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure, Rule 56, and Local Rules 230 and 260, on September 8, 2014, at 2:00 p.m., or as soon thereafter as the matter can be heard, in Courtroom 5 of the above-entitled Court, Defendant Riverboat Delta King ("Delta King") will and hereby does move this Court for an order granting it summary

adjudication on Plaintiff Hollynn D'Lil's ("Plaintiff") claims, or in the alternative, staying this action.

The motion requests that the Court summarily adjudicate the following issues in Delta King's favor:

ISSUE NO. 1: Access Infrastructure.

That Plaintiff's attack on the access infrastructure (gangways, barge, and elevator) fails as a matter of law because: a) Plaintiff misapplies land based slope requirements to gangways; b) the 1984 CBC Contains no accessibility requirements for gangways and access to ships and floating structures; c) No ADAAG standards for gangways and launches existed until 2002; and/or d) the access infrastructure complies with California and ADAAG Standards; and, thus, as a matter of law, it does not constitute a barrier to access. Even if a post construction alteration triggered ADA path of travel requirements (and no such alteration occurred) the existing access infrastructure meets current requirements.

ISSUE NO. 2: Vertical Access to the Fourth and Fifth Decks.

That Plaintiff's claim that a means of disabled vertical access to the fourth and fifth decks of the *Delta King* fails because: 1) California Health & Safety Code section 19956(b) exempts structures such as the *Delta King* from vertical access requirements; 2) as expressly permitted in the applicable CBC (including the historic building code contained therein), the City of Sacramento Building Department made specific determinations excepting literal application of the CBC to the rehabilitation (adaptive reuse) of the *Delta King*; 3) the existence of the written findings of those determinations is undisputed, but the original records themselves cannot be found; 4) when the existence of records (or writings) has been established, the contents of those records (or that writing) may be proven by extrinsic and collateral means; 5) the installation of elevators, lifts and escalators is never required under the ADA's "readily achievable" barrier removal requirement; and 6) no post rehabilitation alteration triggers application of ADA "path of travel" requirements to the fourth or fifth decks of the *Delta King*.

weintraub tobin chediak coleman grodin
law corporation

<u>ISSUE NO. 3</u>:   Cambered decks, coamings, stairway and door widths and other maritime and historic fabric of the *Delta King*.

That Plaintiff's claim that that *Delta King's* cambered decks, coamings and stairway and doorway dimensions must be destroyed and replaced with decks, doorways and stairs that comply with contemporary CBC standards fails because nothing in any State or Federal Disability Access Law requires the destruction of the character of the structure sought to be accessed. Additionally: 1) the Sacramento Building Department has exclusive jurisdiction to determine which provisions of the CBC apply to any construction, including novel projects such as the *Delta King*; 2) as expressly permitted in the applicable CBC (including the historical building code contained therein), the City of Sacramento Building Department made specific determinations excepting literal application of the CBC to the rehabilitation (adaptive reuse) of the *Delta King*; 3) the existence of the written findings of those determinations is undisputed, but the records themselves cannot be found; 4) when the existence of records (or writings) has been established, the contents of those records (or that writing) may be proven by extrinsic and collateral means; 5) as a matter of law, leveling decks, replacing stairways and doorways is not "readily achievable;" and 6)  no post rehabilitation alteration triggers application of ADA "path of travel" requirements to the *Delta King*.

<u>ISSUE NO. 4</u>: Stay of proceedings.

Should the Court find that the lost Sacramento Building Department files (containing written findings) prevents it from summarily adjudicating some or all of the issues presented in this motion, Delta King Requests that any un-adjudicated remainder of this action be stayed pending re-application for hardship findings to the Sacramento Building Department as: 1) this Court has the power to stay this proceeding in the interest of justice; and 2) the Sacramento Building Department retains (and is best suited) to re-determine questions of  the CBC's applicability (including the Historical Building Code) and the existence or nonexistence of any hardship and equivalent facilitation.

///

///

This motion is based upon this Notice of Motion and Motion, the Separate Statement of Undisputed Facts, Memorandum of Points and Authorities, Request for Judicial Notice, Declarations of Charlie Coyne, Edmund Coyne, Mike Coyne, Tim Sullivan, Solon "Doc" Wisham, and Charles L. Post and attached exhibits, all filed concurrently herewith, the pleadings and papers previously filed in this action, and such other and further evidence or testimony as the Court may allow at the hearing on this matter.

Dated: July 22, 2014

**weintraub tobin** chediak coleman grodin
LAW CORPORATION

By: _____/s/ - Charles L. Post_____
        Charles L. Post

Attorneys for Defendant Riverboat Delta King, Inc.