THIMESCH LAW OFFICES
TIMOTHY S. THIMESCH, ESQ., No. 148213
tim@thimeschlaw.com
158 Hilltop Crescent
Walnut Creek, CA 94597-3452
Tel: 925/588-0401

Attorneys for Plaintiff HOLLYNN D'LIL

CHARLES L. POST, ESQ., No. 160443
cpost@weintraub.com
weintraub tobin chediak coleman grodin
LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
(916) 558-6000 – Main
(916) 446-1611 – Facsimile

Attorneys for Defendant RIVERBOAT DELTA KING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYNN D'LIL,<br><br>        Plaintiff,<br><br>v.<br><br>RIVERBOAT DELTA KING, INC.;<br>CITY OF SACRAMENTO; [OLD<br>SACRAMENTO BUSINESS<br>ASSOCIATION, INC.]; and DOES 1<br>through 50, Inclusive,<br><br>        Defendant. | Case No. 2:11-CV-02230-WBS-CA<br>Civil Rights<br><br>**CONSENT DECREE ORDER AND<br>JUDGMENT AGAINST DEFENDANT<br>RIVERBOAT DELTA KING, INC.** |

**INTRODUCTION**

1.    Plaintiff HOLLYNN D'LIL has a physical disability that requires the full time use of a wheelchair for mobility.

2.    Defendant RIVERBOAT DELTA KING, INC. owns the Delta King at 1000 Front Street, and its various business occupancies, including the Delta King Hotel, Pilot House Restaurant, Delta King Theatre, Delta Bar & Grill, Delta King Museum, and the catering and event business.  Collectively, the structure and all of these businesses shall be referred to herein

as the "Delta King."

3.     Plaintiff filed her action for herself and all other similarly situated members of the public to vindicate their rights under, inter alia, Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and Civil Code Section 54 and 54.1. Plaintiff alleges that Defendant violated these statutes by failing to provide full and equal access.   Specific identification of the facilities and their deficiencies were identified in the Complaint in the first action filed on August 23, 2011.

4.     Plaintiffs alleges that the Delta King has undergone construction triggering the requirement of full compliance with regulations in the altered areas, and is otherwise required by Defendant's in providing reasonable modification of their policies, practices and procedures. Defendant denies all the charges in the action.

5.     The subject parties enter this Consent Decree Order and Judgment (hereafter "Consent Decree") as a compromise of their respective claims and defenses in this action

6.     Trial of this matter began on January 22, 2015, before the Honorable William B. Shubb.


**STIPULATIONS**

7.     **Plaintiff's Qualified Disability.** Plaintiff qualifies as "a person with a physical disability" as defined by the relevant statutes.

8.     **Plaintiff's Status as Aggrieved and Potentially Aggrieved.**     Plaintiff HOLLYNN D'LIL alleges she has standing to bring this action, that she currently lives in Graton, California, but that until relatively recently, she lived for decades in Sacramento, that she still regularly conducts personal, business and political affairs in Sacramento including within the Old Town District.   Her activities there include dining and shopping, and a prior attempt to stay at the Delta King Hotel.   While the Defendant does not admit all of the foregoing allegations, it agrees that it has knowledge of sufficient facts to support Plaintiff's qualification as "aggrieved and potentially aggrieved" under the relevant statutes, and for their individual standing under Article III of the U.S. Constitution.

9.      **Scope of Facilities in Issue.**  The following are the facilities of the Delta King affected by this Consent Decree: including, but not limited to: the various public entrances into and out of the structure found on the second, third and fourth floors; the hotel's designated accessible guestrooms; the hotel's standard-configuration guestrooms; the hotel registration desk; the public restrooms; the service counters; the dining and service tables within the Pilot House Restaurant and the Delta Bar & Grill, as well as for patio dining; the first floor ramp; the seating and stage access in the Delta King Theatre; vertical disabled access to the fourth and fifth decks; and various policies, practices and procedures.

**JURISDICTION**

10.     The facts requisite to federal jurisdiction are admitted.   This Court has jurisdiction pursuant to 28 U.S.C. §1331 for the alleged violations of the ADA, 42 U.S.C. §§ 12101, et seq.    Pendant jurisdiction of the state law claims arises from a common nucleus of fact and is proper.

11.     This Court shall have continuing jurisdiction to interpret and enforce this Consent Decree until Defendant has fulfilled all conditions hereunder.   This agreement is contingent upon Court-acceptance of this continuing jurisdiction.

12.     The parties agree to entry of this Consent Decree in order to resolve the issue raised in the Complaint filed with this Court on August 23, 2011.  Accordingly, the parties agree to this Consent Decree without further trial or further adjudication of any issues of fact or law concerning the issues specified herein Consent Decree Judgment and Order.

13.     Defendant enters into this Consent Decree as a compromise of disputed civil claims (excepting only the claim for an award of attorney's fees).

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Consent Decree Judgment and Order, which provides as follows:

**SCOPE OF RESOLUTION**

14.     This Consent Decree shall be a full, complete, and final disposition of only the

matters covered herein.  This Consent Decree was reached through negotiations between the Subject Parties.  The Court shall retain jurisdiction of this action to enforce and interpret its terms.   (But see paragraph 23, supra, regarding Plaintiff's reserved-claim to seek an award of reasonable statutory attorney's fees, litigation expenses and costs, applicable enhancement.) Defendant reserves the right to defend against such an application on all grounds, without limitation or restriction.

**AGREEMENTS CONCERNING INJUNCTIVE RELIEF**

15.    **Specific Agreed Remediations.**  Defendant Riverboat Delta King, Inc. agrees it shall perform the following work to bring the subject Delta King and its facilities into full compliance with statutory accessibility requirements:

a.    Provide two compliant designated disabled accessible guest rooms on the third floor to ensure a 60" turn around space in the restroom with a roll in shower in one of the two rooms.

b.    Provide a means of vertical access to the 4th and 5th deck, Paddle Wheel Saloon dance floor, stage in the theater and the aft gangway by means of a portable lift/stair crawler device (Garaventa Super-Trac or equivalent).

c.    Reconfigure two of the standard guest rooms on the 4th or 5th floors to provide a compliant exterior entrance, a compliant path of travel through the bedroom leading to the bathroom, a compliant bathroom door, and the minimum path of travel into the bathroom sufficient to allow a disabled wheelchair user to enter and touch each of these fixtures.  One of these guest rooms will be located on the river and the other on the city side of the vessel.

d.    Intentionally left blank.

e.     Delta King will provide fully compliant public restroom facilities meeting current accessibility standards for new construction at any two of the current three locations on the 1st, 2nd or 4th floors.  For the locations on the 1st and 4th floors, one unisex disabled restroom will be acceptable subject to approval by the Building Department.  Signage directing patrons to disabled accessible restrooms will be installed.  The slope in the men's

1  restroom on the 2nd floor may be leveled to within 3% maximum.

2          f.     Provide single leaf door access (or automatic openers for existing

3  doors)) and compliance door mats at the six public entrances currently disbursed across the

4  third floor and serving the hotel registration, elevator lobby and capital city room. The

5  thresholds of these entrances shall have a maximum height of a quarter inch or half inch

6  beveled and the door mat shall be raked to bring the landing slope within 3% maximum.

7          g.     Provide a compliant hand rail with extensions on both sides of the ramp

8  leading to the Mark Twain room.

9          h.     Provide compliant lowered sections that are built into the service counter

10  at the hotel registration desk.

11          i.     Provide a portable lift access to the stage and theater and the dancing

12  area in the Paddle Wheel Saloon (see section b. above).

13          j.     Intentionally left blank.

14          k.     Pending access to the 4th deck, modify current policies, practices and

15  procedures, backed by employee training and signage, to offer patrons the option of obtaining

16  dining and drink service within lobby area and exterior dining patio of the 3rd deck.

17          l.     Modify pricing for designated accessible rooms for wheelchair bound

18  patrons so that it is no higher than the cost of lowest rack rate hotel rooms.

19          m.     Train reservation staff regarding the current design features of the

20  designated access guest rooms.

21          n.     Modify current policies, practices and procedures backed by employee

22  training, to prohibit the placement of furniture within the accessible path of travel through

23  designated accessible guest rooms, and also within standard guest rooms that are configured for

24  "entry and touch" as described in paragraph c., supra.

25          o.     Provide a lowered serving area at the bar of the Delta Bar & Grill.

26          p.     In the Delta Bar & Grill, reconfigure seating to provide the following

27  compliant accessible table options: one table outside (City side); one table outside (river side);

28  one table inside.

1          q.      Provide single leaf door accessibility (or automatic opener) and

2 compliance door mats at the two public entrances currently serving the bar patio. The

3 thresholds of these entrances shall have a maximum height of ¼" or ½" beveled, and the door

4 mat shall be raked to bring the landing slope within 3% maximum.

5        16.     **Performance Standards.** All of the foregoing remediations shall be, where

6 applicable, brought into full and strict compliance with the standards under the Americans with

7 Disabilities Standards for Accessible Design, effective March 15, 2011, or under California's

8 Title 24 (2013) to the extent one or both sections apply. All such time periods are subject to

9 good faith interruptions due to inclement weather, administrative delay in the permitting

10 process of outside entities, contractor unavailability, and other causes under the Doctrine of

11 Force Majeure.

12        17.     All remediations agreed to in this agreement are deemed to constitute barrier

13 removal under the Americans with Disabilities Act.

14        18.     **Option to Close Facilities.** In lieu of making modification to any particular

15 facility or amenity called for by this decree, the Defendant may choose to permanently

16 close/remove such facility, element or amenity from public use. Such facility, element or

17 amenity shall not be reopened or re-provided for public use without provision of disabled

18 access pursuant to the terms of paragraphs 15 and 16.

19        19.     **Time for Compliance.** Defendant shall implement all remedial actions called

20 for in paragraph 15 on the following time table following the Court's entry of this Consent

21 Decree:

22          a.      Complete all policy modifications and employee training and order the

23 portable lift/stair climber within 90 days;

24          b.      Complete work on designated accessible guest rooms within one year;

25          c.      Complete all other work within 18 months.

26          d.      All other provisions of paragraph 15 (including the force majeure

27 provision) will apply.

28        20.     Intentionally left blank.

21. **No Admission**. This is a compromise of a civil dispute. Except where expressly provided to the contrary herein, Defendant makes no admission of liability or fact. No such admissions shall be implied.

**RESOLUTION OF PLAINTIFF'S CLAIMS FOR DAMAGES**

22. Defendant agrees to pay Plaintiff HolLynn D'Lil the amount of $22,500, in full satisfaction of her claims for damages of any kind. A Check for this amount shall be made payable to "TIM THIMESCH, In Trust," and delivered into his hands within 15 days of the entry of this Consent order by the Court. If overnight mail is used, Defendants shall supply Plaintiff's counsel with a tracking number.

**ISSUES RESERVED FOR TRIAL OR FURTHER DISPOSITION:**

23. This Consent Decree shall be without prejudice or effect upon Plaintiff's remaining claim against Defendant for an award of reasonable statutory attorney's fees, litigation expenses and costs, and without prejudice to Defendant's right to defend against any application for such an award on any ground or basis.

**RESOLUTION OF PLAINTIFF'S CLAIM FOR AN AWARD OF REASONABLE STATUTORY ATTORNEY'S FEES, LITIGATION EXPENSES AND COSTS:**

24. **Prevailing Party.** Defendants have agreed to conduct the remediations identified herein as a result of the settlement of this Action. For purposes of this Consent Decree only, Plaintiff shall be deemed to have obtained injunctive relief and shall be deemed to be the "prevailing party."

25. **Reservation for Motion.** The parties have not reached a settlement on the amount of Plaintiff's Attorney Fee Claims, and reserve such issues for disposition through motion.

26. **Stipulation of Retained Supplemental Jurisdiction.** During the proceedings herein stated, the parties shall make no motion seeking dismissal of any supplemental claims

1   under 28 USC 1367, and further stipulate that on no occasion following the entry of this decree

2   shall they allege that grounds supporting such a motion exist in the present case.

3        27.   **Award Procedures.**   Plaintiff may move for an award of fees, costs and

4   expenses together, which include reasonable attorney fees, litigation expenses and costs

5   incurred in this action and in pursing his motions (fees on fees), and Defendants may oppose

6   and state objections through their opposition papers.  If the Court approves this Consent Decree

7   and Order, and the parties fail to settle the Attorney Fee Claims, the deadline for Plaintiff to file

8   her motion seeking an award on her counsel's Claim for Interim Attorney Fees shall be within

9   105 days after notice of entry of this consent decree.  This deadline and procedure shall apply

10   in lieu of the procedures specified in Civil Local Rules 292(b)-(c) through 293(a).

11

12   **SECURITY AND PAYMENT OF AWARD FEES AND COSTS, IF ANY**

13        28.   Should the Court make any award of attorney fees and/or costs to Plaintiff, that

14   award (when final) shall be paid as follows:

15        a.  $125,000 within thirty (30) days of the entry of award (or final disposition of

16   any appeal);

17        b.  All sums not paid within thirty (30) days of the entry of award (or final

18   disposition of any appeal) shall bear interest at 6% per annum;

19        c.  Any sum remaining unpaid thirty (30) days after entry of award (or final

20   disposition of any appeal) shall be secured by a UCC lien on the vessel Delta King.  Any such

21   lien shall be subordinate only to the Bank lien which secures the Bank's loan to Defendant;

22        d.  Any sum that remains unpaid thirty (30) days after entry of award (or final

23   disposition of any appeal) shall be paid in annual payments of $125,000 until that sum

24   (inclusive of interest) is paid in full.

25

26   **FULL CONSENT DECREE JUDGMENT AND ORDER:**

27        29.   This Consent Decree constitutes the entire agreement between the parties on the

28   matters covered, and no other statement, promise, or agreement, either written or oral, made by

any of the parties or agents of any of the parties, that is not contained in this Consent Decree Judgment and Order, shall be enforceable regarding the matters described herein.     (But see paragraph 23, supra, regarding Plaintiff's reserved-claim to seek an award of reasonable statutory attorney's fees, litigation expenses and costs,)

**CONSENT DECREE BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

30.     The parties agree and represent that they have entered into this Consent Decree voluntarily, under no duress, and wholly upon their own judgment, belief, and knowledge as to all matters related to it, after having received full advice from counsel.

31.     This Consent Decree shall be binding on Plaintiff and Defendant and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree during the period of the Court's continuing jurisdiction to enforce its terms.

**JOINT PREPARATION AND SEVERABILITY:**

32.     This Consent Decree is deemed jointly prepared by all parties and shall not be strictly construed against any party as its drafter.   If any term of this Consent Decree is determined by any court to be unenforceable, all other terms shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

33.     Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree.

///

1  **COUNTERPARTS:**

2          34.    This Consent Decree may be executed in counterpart signatures, and such

3  signatures may be attached in counterparts, each of which shall be deemed an original, and

4  which together shall constitute one and the same instrument. Such counterparts may be signed

5  as faxed signatures, which shall have the same force and effect as original signatures.

6

7  Dated: <u>January 30, 2015</u>          <u>/s/ Authorized Signed - HolLynn D'Lil</u>
                                            HOLLYNN D'LIL

8

9  Dated: <u>January 30, 2015</u>          <u>/s/ Authorized Signed - Michael Coyne</u>
                                            RIVERBOAT DELTA KING, INC.

10                                          By:   <u>Michael Coyne</u>

11

12                                          Title:<u> President</u>

13

14  **APPROVED AS TO FORM:**

15

16  Dated: <u>January 30, 2015</u>          THIMESCH LAW OFFICES
                                            TIMOTHY S. THIMESCH, Esq.

17                                          <u>/s/ Authorized Signed - Tim Thimesch</u>
                                            Attorneys for Plaintiff

18                                          HOLLYNN D'LIL

19

20  Dated: <u>January 30, 2015</u>          weintraub tobin chediak coleman grodin
                                            CHARLES L. POST, Esq.

21

22                                          <u>/s/ Authorized Signed – Chuck Post</u>
                                            Attorneys for Defendant

23                                          RIVERBOAT DELTA KING, INC.

24

25

26

27

28

---

1

**ORDER**

2

**IT IS SO ORDERED.**

3

**Dated:  February 2, 2015**

4

5

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28